UNITED STATES, Appellee

v.

DARYL V. BEST, Sergeant, U. S. Army, Appellant

6 USCMA 39, 19 CMR 165

No. 4361

Decided June 17, 1955

LT COL Harley A. Lanning, U. S. Army, CAPT Jack G. Van Deventer, U. S. Army, and 1ST LT Robert C. Taylor, U. S. Army, for Appellant.

LT COL Thomas J. Newton, U. S. Army, 1ST LT Howard S. Marcu, and 1ST LT William G. Fowler, U. S. Army, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

At a common trial with a Corporal Self and a Sergeant Leffew, the accused was convicted by a general court-martial in Korea of premeditated murder, larceny, and unauthorized absence. He was sentenced to death. On appeal, a board of review held that the accused was deprived of the effective assistance of counsel by the law officer's denial of a timely motion for a severance. However, the board of review concluded that the denial prejudiced the accused only as to the murder charge. It, therefore, affirmed the findings of guilty of larceny and unauthorized absence, and ordered a rehearing on the murder specification. The board of review took no action on the sentence, except to note that the approved findings of guilty would support a sentence of only a dishonorable discharge, total forfeitures, and confinement at hard labor for life.

After the board of review's decision the accused filed a petition for grant of review in this Court. The Government moved to dismiss the petition as premature. We ordered the filing of briefs on the question of our jurisdiction.

While the motion to dismiss the accused's petition in this Court was pending, the case came on for rehearing before a court-martial convened at Fort Ord, California, by the Commanding General, Sixth Infantry Division. Before the arraignment, the accused moved to dismiss the murder charge on the ground, among others, that the court lacked jurisdiction to proceed during the pendency of the proceeding in this Court. The motion was denied. The case then proceeded to trial, with a direction from the convening authority that it be treated as noncapital.

The accused was again convicted of premeditated murder. During the sentence procedure the court was advised of the approved findings of guilty of larceny and unauthorized absence without leave, and was instructed that it could consider them in its deliberations on the sentence. The court adjudged a sentence to a dishonorable discharge, total forfeitures, and confinement at hard labor for life. The conviction was affirmed by the convening authority, but the period of confinement was reduced to twenty years. A board of review affirmed.

On the same day that the convening authority took action on the rehearing record, oral argument on the Government's motion to dismiss the accused's petition to review the original record was had in this Court. Shortly thereafter, we granted the motion and ordered dismissal of the petition, on the ground that the board of review had not made a final determination in the case. The appeal, therefore, was premature. The dismissal was without prejudice. United States v. Best, 4 USCMA 581, 16 CMR 155. After the board of review's affirmance of the rehearing conviction, the accused filed in this Court a new petition for grant of review. We granted review to consider the following issues:

"1. Whether the court-martial had jurisdiction to rehear the case while a petition attacking the results of the first trial was pending before this Court.

"2. Whether the Board of Review was correct in determining that in the first trial the accused was deprived of the effective assistance of counsel on only one of the three charges."

The accused contends that, at least from the time this Court ordered briefs filed on the Government's motion to dismiss his original petition, no other court had jurisdiction to take any action in the case. It is certainly the general rule that a duly perfected appeal divests lower tribunals of further jurisdiction of the cause, except that they may act in aid of the appeal. Berman v. United States, 302 US 211, 82 L ed 204, 58 S Ct 164; Heitmuller v.

**41**

Stokes, 256 US 359, 65 L ed 990, 41 S Ct 522; Tinkoff v. United States, 86 F2d 868 (CA 7th Cir) (1936), cert den 301 US 689, 81 L ed 1346, 57 S Ct 795. The rule is stated in 4 CJS, Appeal and Error, § 607, pages 1091–1092, as follows:

"The respective powers of the appellate and lower court, after jurisdiction has been transferred by the perfection of the proceedings for appellate review, are largely determined by the statutes regulating appellate matters in the particular jurisdiction. Usually, however, the transfer of jurisdiction gives to the appellate court the exclusive power and authority over the subject matter of the appellate proceeding, and the authority of the lower court with reference thereto is suspended so that it cannot proceed with the case until the appellate proceeding is heard and determined and the remittitur or mandate is regularly returned and entered on the records."

In Simmons v. United States, 89 F2d 591 (CA 5th Cir) (1937), cert den 302 US 700, 82 L ed 540, 58 S Ct 19, the Court of Appeals said that the "reason for this rule is readily apparent. If the trial court could amend the judgment at all, it could so amend it as to render it nugatory and either destroy the basis of the appeal or make the case in the appellate court moot."

In accordance with the general rule, we have held that no case can at the same time be before more than one tribunal in the military justice system. United States v. Jackson, 2 USCMA 179, 7 CMR 55; United States v. Reeves, 1 USCMA 388, 3 CMR 122. It is clear, however, that transfer of jurisdiction over the whole case occurs only when the appeal is from a final judgment. There is no such transfer if the appeal is from an interlocutory decree or order. 4 CJS, Appeal and Error, § 609, page 1094. The requirement of finality is specifically set out in Berman v. United States, supra. After determining that the sentence constitutes the final judgment in a criminal case, the United States Supreme Court said (page 214):

"As the first sentence was a final judgment and appeal therefrom was properly taken, the District Court was without jurisdiction during the pendency of that appeal to modify its judgment by resentencing the prisoner."

The distinction between the effect of an appeal from a final decree and that of an appeal from an interlocutory holding was commented upon by the Court of Appeals for the Sixth Circuit, in Foote v. Parsons Non-Skid Co., 196 Fed 951 (CA 6th Cir) (1912). The court there said (page 954):

"We observe by the record that the Circuit Court struck from the files the stipulation for decree in that court, apparently upon the ground that when the stipulation was filed the case was pending in this court upon appeal. An appeal from a motion granting a preliminary injunction does not have the effect to remove the cause to this court, but the cause generally remains in the court below, and continues in the control of that court. Section 129, Judicial Code. The distinction in this particular between such appeals as this and appeals from final decree was doubtless overlooked by the District Judge, if, indeed, he was not intending to exercise his discretionary power under this section."

See also: In re Bills of Exceptions, 37 F2d 849 (CA 6th Cir) (1930). In Riddle v. Hudgins, 58 Fed 490 (1893), the Court of Appeals for the Eighth Circuit also had occasion to consider this difference. In that case the plaintiff brought an action to enforce an equitable mortgage on certain personal property. He obtained an order of attachment but on the defendant's motion an order was entered vacating the attachment. The plaintiff appealed from this order to the United States Supreme Court. While the appeal was pending, further proceedings were had in the trial court which resulted in a hearing by a master and the entry of a final judgment in favor of the plaintiff. On appeal to the Court of Appeals, the defendant contended that the trial court lost jurisdiction to proceed with the cause during the pendency of the plain-

tiff's appeal to the Supreme Court from the order vacating the attachment. Rejecting this contention, the Court of Appeals said (page 493):

"From this last order the plaintiffs prayed an appeal to the supreme court of the United States, which was allowed, and one of the contentions of the appellant is that the lower court thereby lost jurisdiction of the case. The order discharging the so-called 'attachment' was not a final judgment, and was not appealable, (Robinson v. Belt, 56 Fed. Rep. 328,) and the jurisdiction of the court over the cause was not affected by anything done in relation thereto."

In this case, the original appeal to this Court was dismissed because it did not present for review ■ a final decision on the sentence, as required by the Uniform Code of Military Justice. In essence, the appeal was merely from an interlocutory, nonappealable order by the board of review. Consequently, it did not result in transferring the case to this Court. In the absence of such transfer of jurisdiction, the court-martial could properly proceed with the rehearing, as directed by the board of review.

Cases pertaining to the power of a court to order a stay of proceedings pending its determination of a doubtful question of jurisdiction are inapposite. See United States v. Shipp, 203 US 563, 51 L ed 319, 27 S, Ct 165; United States v. United Mine Workers of America, 330 US 258, 91 L ed 884, 67 S Ct 677. On application for a stay, the court to which application is made has authority "from the necessity of the case, to make orders to preserve the existing conditions." United States v. Shipp, supra, page 573. As a matter of fact, in the Shipp case, which is strongly relied upon by the accused, an order staying proceedings was actually granted by the Supreme Court. In the United Mine Workers of America case, which is also cited by the accused, the Supreme Court merely emphasized that the District Court has the power to order a stay to preserve the status quo until it determines its own authority

to grant the relief sought. In this case, the accused made no application for a stay in this Court, and no stay was ordered by this Court.

For his second claim of error, the accused contends that the board of review erred in limiting the ■ effect of its determination that he was denied the effective assistance of counsel. The accused contends that if there is a deprivation of counsel, it immediately divests the court of power to proceed further in the case. To support the contention he relies upon such cases as Johnson v. Zerbst, 304 US 458, 82 L ed 1461, 58 S Ct 1019, and Wright v. Johnston, 77 F Supp 687 (ND Calif), which are concerned with habeas corpus proceedings based upon a claim of a denial of the effective aid of counsel. In the Wright case, for example, the District Court said:

"It is my opinion that the court lost jurisdiction to proceed on the denial of the motion for a continuance. If it had not lost jurisdiction then, it was lost as soon as the conflicting statements were introduced into evidence and it became apparent that either the motion for a severance should be granted, or that a separate attorney should be appointed for Wright with a continuance adequate for such separate attorney to prepare his case."

On the other hand the Government maintains that the line of cases relied upon by the accused simply indicates that the remedy of the writ of habeas corpus is not limited to instances in which a conviction is void for want of power to proceed, but that it also extends to situations in which the accused has been denied a constitutional right, and the writ is the only effective means of preserving that right. See: Sanford v. Robbins, 115 F2d 435 (CA 5th Cir) (1940), cert den 312 US 697, 85 L ed 1132, 61 S Ct 737; Waley v. Johnson, 316 US 101, 86 L ed 1302, 62 S Ct 964; United States v. Ferguson, 5 USCMA 68, 17 CMR 68. This view of the principle announced in the habeas corpus cases is implicit in the decision of this court in United States v. Van-

**43**

derpool, 4 USCMA 561, 16 CMR 135. In that case, as here, the accused's original conviction was set aside by the board of review on the ground that he had been denied the effective assistance of counsel. At the rehearing, testimony taken at the former trial was admitted in evidence. The accused was again convicted. On appealing this conviction, the accused contended that the former testimony should not have been admitted because the proceedings of the first trial were void as a result of the denial of aid of counsel. We rejected this argument. Writing for a unanimous court, Judge Brosman said (page 565):

"We are sure that this jurisdictional position cannot be sustained. It is true that courts-martial are special tribunals of limited jurisdiction, and strict compliance with the creative statute is required. United States v. Padilla, 1 USCMA 603, 5 CMR 31; McClaughry v. Deming, 186 US 49, 46 L ed 1049, 22 S Ct 786; Carter v. Woodring, 92 F2d 544 (CA DC Cir). However, we have repeatedly held that not every violation of a statutory provision with respect to court-martial proceedings constitutes a jurisdictional defect. United States v. Hutchison, 1 USCMA 291, 3 CMR 25; United States v. May, 1 USCMA 174, 2 CMR 80; cf United States v. Pino [ACM 5274], 6 CMR 543. On the contrary we have said that proceedings are rendered void only by a failure to comply with those provisions which constitute 'indispensable prerequisites' to the exercise of court-martial jurisdiction. United States v. Goodson, 1 USCMA 298, 3 CMR 32; cf. Humphrey v. Smith, 336 US 695, 93 L ed 986, 62 S Ct 830.

. . . . .

"While these provisions secure important safeguards to an accused, we do not think it was intended that a failure to comply with them should vitiate the jurisdiction of a court-martial. In this connection the contention of the defense that the initial board of review should have ordered 'another trial' rather than a 'rehearing' is not well taken. In United States v. Sizemore, 2 USCMA

572, 10 CMR 70, we held that a failure to grant a recess, which resulted in the refusal of defense counsel to make a closing argument, was tantamount to a denial of accused's right to counsel at a crucial stage in the conduct of the trial. In that case, however, we cured the prejudicial error by ordering a rehearing. Also, in United States v. Goodson, supra, we held that the failure of the convening authority to appoint a commissioned officer as trial counsel did not cause the special court-martial there to lose jurisdiction."

The Court of Appeals for the District of Columbia Circuit has also determined that denial of the effective assistance of counsel does not necessarily result in want of power in the trial court to take further proceedings in the case. In Noble v. Eicher, 143 F2d 1001 (CA DC Cir) (1944), certain defendants petitioned for writs of prohibition directed against the trial judge in a criminal case. The ground of each petition was that the trial judge had ordered that the petitioner be represented by a lawyer who was also representing another defendant, and that there was a conflict of interest between the two defendants. Each petitioner further claimed that he was not permitted counsel of his own choice. The petitioner there, as the accused in this case, relied upon Johnson v. Zerbst, supra, and Glasser v. United States, 315 US 60, 86 L ed 680, 62 S Ct 457. In denying the petitions, the Court of Appeals said:

". . . If there is a conflict of interest here, as alleged by the petitioners, the rule of these cases has been transgressed.

. . . . .

"We think that in the circumstances here the writs of prohibition sought ought not to issue. There is no assertion of absence of jurisdiction in the sense that the trial court has no power whatever to deal with the class of case before it. It is true that there will have been inconvenience to the petitioners in continuing through the trial, if it should ultimately be determined on appeal that the conflict of interest asserted

deprives the trial court of jurisdiction as to them. On the other hand, the present issuance of writs and a present determination of the question whether there is a conflict of interest as asserted would unavoidably and unduly interrupt the criminal proceeding."

Disposal of the jurisdictional issue does not completely answer the accused's claim of error as to the denial of the effective aid of counsel. The board of review held that the denial affected only the murder charge. It ordered a rehearing of that charge, but it affirmed the findings of guilty as to the other offenses. The accused maintains that the board of review's attempt to limit the effect of the error is legally unsupportable.

The right to counsel is fundamental to a fair trial. An appellate court will reverse a conviction without indulging "in nice calculations as to the amount of prejudice arising from its denial." Glasser v. United States, 315 US 60, 76, 86 L ed 680, 62 S Ct 457. Moreover, the Federal courts are apparently not inclined to limit the effect of the deprivation of counsel to particular counts of a several count indictment. For example, in Coplon v. United States, 191 F2d 749 (CA DC Cir) (1951), cert den 342 US 926, 96 L ed 690, 72 S Ct 363, the defendant was tried on a two count indictment. The Court of Appeals for the District of Columbia Circuit found ample evidence to support the findings of guilty, but it remanded the case to the District Court to determine whether the Government had intruded into the private consultations between the accused and her counsel. The court held that such an intrusion would constitute a denial of the aid of counsel. Significantly, the court did not attempt to examine the contents of the consultations to determine whether they related to only one or to both of the counts charged. Commenting on the effect of the denial of the aid of counsel, the court said (page 759):

"We think it is further true that the right to have the assistance of counsel is so fundamental and abso-

lute that its denial invalidates the trial at which it occurred and requires a verdict of guilty therein to be set aside, regardless of whether prejudice was shown to have resulted from the denial."

See also: United States v. Venuto, 182 F2d 519, 522 (CA 3d Cir) (1950). Military appellate tribunals have also shown no disposition to confine the effect of the error to less than all the findings of guilty. See: United States v. Ellis, 65 BR 151; United States v. Elbertson, 2 BR 173.

Where the denial of effective assistance of counsel affects the entire proceedings against the accused, reversal of all findings of guilty is unquestionably proper. United States v. Sizemore, 2 USCMA 572, 10 CMR 70. But, whether that result should necessarily follow in a case in which the deprivation stems from counsel's representation of conflicting interests is not so clear. In military procedure, it is proper to bring an accused to trial on charges which are entirely unrelated, and which arise out of completely different incidents. United States v. Keith, 1 USCMA 442, 4 CMR 34. In fact, "it has come to be the customary practice to join all known offenses against an accused and to dispose of all at a single trial." Ibid. page 448. A conflict of interests may appear in connection with one charge, but not in regard to the others. However, we need not at this time determine whether in different factual settings, trial rulings which result in denial of effective aid of counsel may have different effects. Cf. United States v. Vanderpool, supra. In this case, all offenses occurred in the course of a single, continuous transaction. We need not, therefore, engage in "nice calculations" as to whether the accused was prejudiced in one or the other of the offenses. We conclude that the board of review erred in not ordering a rehearing on all charges, and we set aside the findings of guilty of larceny and unauthorized absence. We believe that the interests of justice will be

**45**

best served by dismissal of those charges, and we order them dismissed. See: United States v. Deain, 5 USCMA 44, 17 CMR 44.

At the trial the court-martial was instructed that in its deliberations on the sentence, it could consider the findings of guilty approved by the board of review. Cf. United States v. Field, 5 USCMA 379, 18 CMR 3. In view of our determination that these findings be set aside, this was error. The convening authority reduced the period of confinement from life to twenty years. However, this action was based upon a clemency recommendation by his staff judge advocate, and clearly was not intended as a correction of the trial error. The board of review affirmed the conviction without opinion. But, in a statement titled, "Memorandum for Record," the board of review noted that it had "made an independent redetermination of the appropriateness of the approved sentence on the basis of the crime of premeditated murder alone, and determine[s], on the basis of the entire record, without regard to the offenses of absence without leave and larceny, that the sentence as approved by the convening authority is appropri-

ate. It of course necessarily follows that if such sentence is appropriate for premeditated murder alone, it should be approved for all three offenses, and we so find."

Considering the clear and strong language of the memorandum, it would appear that no substantial purpose would be served by returning the case to the board of review for reconsideration of the sentence. When the board of review acted, however, it did so on the theory that the findings of guilty of larceny and unauthorized absence were legally correct. It is barely possible that this belief influenced the board of review. To remove any possibility that the findings of guilty which we have dismissed had any effect on the final sentence, I would return the case to the board of review for redetermination of the sentence. However, my brothers believe that the possibility is too slight to justify a remand of the case. In their opinion, on the facts of this case, it would be inappropriate to continue the litigation. United States v. Crusoe, 3 USCMA 793, 14 CMR 211. The decision of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.