UNITED STATES, Appellee

v

KENNETH W. WOOLLEY, Seaman, U. S. Navy, Appellant

8 USCMA 655, 25 CMR 159

No. 10,697

Decided January 31, 1958

*Ensign David M. Clinard,* USNR, was on the brief for Appellant, Accused.

*Lieutenant Colonel Charles H. Beale, Jr.,* USMC, was on the brief for Appellee, United States.

Opinion of the Court

HOMER FERGUSON, Judge:

Kenneth W. Woolley, Seaman, United States Navy, absented himself without proper authority from his unit, the U.S.S. ROANOKE, on June 1, 1957, and remained in an absentee status until June 19, 1957. As a result of the absence, he missed the movement of his ship on June 3, 1957. Before a special court-martial he was found guilty in accordance with his plea of the offenses of absence without leave and missing movement through neglect, in violation of Articles 86 and 87, Uniform Code of

Military Justice, 10 USC §§ 886 and 887, respectively. A sentence which included a bad-conduct discharge, confinement at hard labor for six months, and reduction to the grade of seaman recruit was imposed.

In United States v Posnick, 8 USCMA 201, 24 CMR 11, we held that the offense of absence without leave is a necessarily included lesser offense to the offense of missing movement through neglect. Where multiplicious charges are presented, the accused may only be punished for the greater offense. Although the sentence adjudged was within the maximum jurisdictional limit of the special court-martial, error is nevertheless present. The president of the court failed to instruct the members on the effect of multiplicity in arriving at an appropriate sentence. The prejudice which flows from this omission is as we said in *Posnick,* supra, that:

". . . the accused has not had a determination of his sentence on the basis of the single offense he has committed. When this offense is made to appear more numerous than it actually is, by semantical manipulation, the jury must consider only the offense committed by him. Thus, in cases of multiplicity, the law officer, or the president of a special court-martial, must instruct in open court that the maximum sentence imposable is different than the apparent total imposable because of the effect of multiplicity on sentence consideration. This was not done in the instant case and therefore we have no way of knowing what sentence the court might have imposed had they been advised that for the purpose of punishment they could only consider the greater offense."

We are unable to determine from the board of review's opinion whether it considered the issue of multiplicity in arriving at an appropriate sentence. Accordingly, we return the record of trial to The Judge Advocate General of the Navy for submission to the board of review for reassessment of the sentence in the light of this opinion.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in the result):

I concur solely for the reason that United States v Posnick, 8 USCMA 201, 24 CMR 11, is now the law of the Court.