UNITED STATES, Appellee

v

PAUL F. HELFRICK, JR., Private E–2, U. S. Army,
Appellant

9 USCMA 221, 25 CMR 483

No. 11,079

Decided May 2, 1958

*Major Edward Fenig* was on the brief for Appellant, Accused.
*Lieutenant Colonel John G. Lee* was on the brief for Appellee, United
States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused pleaded guilty to a number of charges in violation of the Uniform Code of Military Justice. Specification 1 of Charge I alleges an unauthorized absence from the company area from May 5 to May 11, 1957. Specification 1 of Charge III alleges a breach of restriction on the same day from the same area. Specification 3 of Charge I sets out a similar absence from the company area on July 20, while specification 2, Charge III, alleges a breach of restriction on that day from the same area. The accused contends that the charges of misconduct on each day are not separately punishable. See United States v Modesett, 9 USCMA 152, 25 CMR 414.

From the allegations in the specifications it cannot unqualifiedly be said that the evidence in regard to the breach of restriction also establishes the unauthorized absence. No evidence was presented at the trial. It is entirely possible that a breach of restriction was

**221**

committed before the initiation of the absence. In fact, a pretrial statement by the accused, which is included in the allied papers as part of the Article 32 investigation, shows that on May 5, the accused left the company area without authority, returned to it for several hours, and then again departed. The statement, therefore, shows that the May offenses are separate. The same situation is possible in regard to the July 20th charges. But, even if they fall within our decision in the *Modesett* case, the accused was not harmed by the duplication.

The law officer instructed the court-martial that the maximum period of confinement was four years and two months. If the July charges are duplicative, the maximum is four years and one month. The court imposed a sentence which included confinement for one year and six months, and this period was reduced by the convening authority and again by the board of review. The possibility that the one month difference in the maximum sentence affected the judgment of any of the sentencing authorities "is too slight to justify a remand of the case." United States v Best, 6 USCMA 39, 46, 19 CMR 165.

Accordingly, the decision of the board of review is affirmed.

Judge FERGUSON concurs.

LATIMER, Judge (concurring):
I concur for the reason set forth in United States v Woolley, 8 USCMA 655, 25 CMR 159.