UNITED STATES, Appellee

v

DONALD E. GREEN, Staff Sergeant,
U. S. Air Force, Appellant

9 USCMA 728, 26 CMR 508

No. 11,700

Decided October 3, 1958

*Lieutenant Colonel Robert O. Rollman* and *Major Edmund B. Sigman* were on the brief for Appellant, Accused.

*Lieutenant Colonel Robert W. Michels* and *Major Carl Goldschlager* were on the brief for Appellee, United States.

Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted of numerous charges in violation of the Uniform Code of Military Justice. The permis-

sible maximum punishment extended to confinement at hard labor for more than sixty-five years, but the court-martial adjudged a sentence which included confinement for fifteen years. The convening authority approved all but two of the findings of guilty and modified the sentence by reducing the period of confinement to seven years. A board of review affirmed.

We granted review to determine whether a false statement made by the accused to an agent of the Office of Special Investigations constituted an official statement within the meaning of Article 107 of the Uniform Code of Military Justice, 10 USC § 907. The evidence shows the statement was made in connection with an inquiry into the accused's marital status after it was discovered that his application to substitute an allotment to his third wife for one to his fifth spouse was predicated upon an altered decree of divorce from the fourth wife.

In United States v Geib, 9 USCMA 392, 26 CMR 172, we held that the accused's statement in a substantially similar situation was not an official statement within the meaning of Article 107, supra. That case is dispositive of the issue before us. See also United States v Aronson, 8 USCMA 525, 25 CMR 29. Accordingly, the findings of guilty of specification 2, Charge II, are set aside and the Charge is ordered dismissed.

Considering the number and the nature of the remaining findings of guilty and the attention to the sentence given by both the convening authority and the board of review, Judge Latimer and I are of the opinion that the effect on the sentence of the dismissal of the one specification is too slight to justify remand of the case for reassessment of the sentence. See United States v Helfrick, 9 USCMA 221, 25 CMR 483.

LATIMER, Judge (concurring in the result):

I concur with the Chief Judge's reasoning that the sentence should be affirmed. However, because I do not agree to the dismissal of the Article 107 offense, I record my beliefs.

To place the issue in its proper perspective, I recite the relevant facts. The accused went through a purported marriage ceremony with a Japanese girl on February 27, 1956. This was his fifth attempt to marry, but his ceremony was steeped in illegality for the reason that he was then lawfully married to a third wife. Nevertheless, he forwarded to the appropriate Air Force agency a request for cancellation of an existing allotment to his third wife and a contemporaneous request to substitute his fifth wife as an allottee. To support his substituted allotment, he submitted a false certified copy of a final divorce decree which stated that an absolute divorce had been granted from his third wife. When the latter's allotment was cancelled, she complained, and the Air Force authorities, in an effort to clarify the accused's true marital status, referred the matter to the Office of Special Investigations for appropriate action. An agent of that office contacted the accused to ascertain the true facts concerning the rights of the conflicting spouses and, after advising him of his rights granted by Article 31 of the Code, 10 USC § 831, the agent queried him about his marital status with his fourth wife, identifying her by name. The accused orally and in writing denied he had ever known or married her. This false statement is the one now in issue.

Because I believe the board of review in its decision presents the principles of law which I contend should control our decision, I adopt the rationale of that tribunal. The following is extracted from its decision:

"We must here decide whether or not the above false statement was official and thus a violation of Article 107. We are of the opinion that once an accused is placed in a military position wherein the official requirement, duty or obligation to speak the truth attaches, this requirement, duty or obligation is not thereafter voided or rendered unofficial merely because he has become a suspect, witness or has committed an act of misconduct. The only effect these latter conditions have upon the accused's military position is to place him under the pro-

tection of Article 31. Article 31, in turn, changes the accused's military position only to the extent that he is not thereafter required to speak but may remain silent, as his rights against self-incrimination afforded him by Article 31 are paramount to his official military position. However, once accused knowingly and voluntarily waives his rights provided by Article 31 and elects to speak, the official requirement, duty or obligation to speak truthfully remains. A false statement made under these circumstances is nonetheless official and consequently falls squarely within the offense defined by Article 107 (United States v Aronson, 8 USCMA 525, 25 CMR 29; United States v Hutchins, 5 USCMA 422, 18 CMR 46).

"That the accused, under the facts of this case, had the official duty to speak may not be gainsaid. It is abundantly clear and of common knowledge to all military personnel and their dependents that the true legal status of a service member's marital status is vital and necessary to the United States Air Force in order that numerous requirements imposed by law, statute and regulation may be properly implemented, administered or finalized. This information is required, among other reasons, for the purposes of making duty assignments, computing taxes, salary, allotments, travel, housing and medical treatment. A service member is required by regulations too numerous to mention to furnish this information in order that the official activities and functions of the service are not frustrated. Thus, as under the facts of the case, the United States Air Force, through the medium of its Office of Special Investigations agent had the right and power to require this information and as the accused had the official continuing requirement, duty and obligation to furnish this information for official purposes to an official department of the United States Government, his alleged false statement was official and, therefore, in violation of Article 107."

This I believe to be sound reasoning.

See United States v Osborne, 9 USCMA 455, 26 CMR 235 (dissenting opinion). I concur with the Chief Judge, however, to the extent that he holds a dismissal of this offense de minimis with regard to the sentence assessed in this case.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur with the principal opinion insofar as it holds that the accused's statement in question did not constitute an official statement. However, I dissent as to the disposition. In United States v Helfrick, 9 USCMA 221, 25 CMR 483, we said:

". . . The statement, therefore, shows that the May offenses are separate. The same situation is possible in regard to the July 20th charges. But, even if they fall within our decision in the *Modesett* case, the accused was not harmed by the duplication.

"The law officer instructed the court-martial that the maximum period of confinement was four years and two months. If the July charges are duplicative, the maximum is four years and one month. The court imposed a sentence which included confinement for one year and six months, and this period was reduced by the convening authority and again by the board of review. The possibility that the one month difference in the maximum sentence affected the judgment of any of the sentencing authorities 'is too slight to justify a remand of the case.' United States v Best, 6 USCMA 39, 46, 19 CMR 165."

In the instant case the difference in the maximum sentence is one year, as contrasted with one month in United States v Helfrick, supra. Moreover, in the instant case we have, not a question of possible multiplicity, but a situation in which the accused was convicted of a crime which was in reality no crime at all.

Article 59(a) of the Uniform Code of Military Justice, 10 USC § 859(a), provides:

"A finding or sentence of a court-martial may not be held incorrect on

the ground of an error of law unless the error materially prejudices the substantial rights of the accused."

In my view, the substantial rights of an accused are materially prejudiced where the court-martial, in its consideration of a sentence, includes an erroneous conviction in ascertaining the permissible maximum. I do not believe this tribunal can, as a matter of law, determine what the triers of fact would do under correct instructions as to sentence. I believe the majority opinion in the instant case is, in effect, pronouncing sentence. Such a procedure is beyond the jurisdiction of this Court.

I would return the record of trial to The Judge Advocate General of the Air Force for resubmission to a board of review for reassessment of the sentence on the remaining charges.