UNITED STATES, Appellee

v

JAMES H. SMITH, Private First Class,
U. S. Marine Corps, Appellant

11 USCMA 149, 28 CMR 373

No. 13,312

Decided January 15, 1960

*Captain Frederick D. Clements,* USMC, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant (jg) Martin Drobac,* USNR.

*Lieutenant Commander M. M. Seydel,* USN, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel J. E. Stauffer,* USMC.

## Opinion of the Court

HOMER FERGUSON, Judge:

Tried by special court-martial on March 4, 1959, the accused was, pursuant to his plea, found guilty of larceny of a radio, valued at $35.00, and sentenced to bad-conduct discharge, forfeiture of $30.00 per month for six months, and confinement at hard labor for six months. On March 9, 1959, a rehearing was ordered by the convening authority in view of inconsistencies between accused's plea of guilty and statement in mitigation. The rehearing was held on March 13, 1959. Accused pleaded not guilty but was nevertheless convicted and sentenced to the same penalty previously adjudged. On March 20, 1959, the convening authority approved the sentence and ordered it into execution. However, he suspended that portion relating to bad-conduct discharge until accused's release from confinement or until completion of appellate review, whichever was the later date. The record of trial was forwarded to the supervisory authority for further review.

The supervisory authority, finding numerous errors prejudicial to the substantial rights of the accused, returned the record to the convening authority with the direction that the latter withdraw his previous action and order another rehearing. Accused's third trial was held on May 6, 1959. It also ended in findings of guilty and a sentence to bad-conduct discharge, forfeiture of $30.00 per month for three months, and

confinement at hard labor for three months. On May 15, 1959, the convening authority again acted on the record. On this occasion, however, he approved the sentence and omitted suspension of the punitive discharge. Intermediate appellate authorities affirmed, and we granted review on the questions whether accused was entitled to a probationary suspension of his discharge and whether the evidence was sufficient to support the findings of guilty with respect to value.

The Government concedes before this Court that accused is entitled to a probationary suspension of his ▮▮▮▮ ▮ discharge, as the convening authority's initial action approving the sentence included such a suspension. United States v May, 10 USCMA 358, 27 CMR 432; United States v Cecil, 10 USCMA 371, 27 CMR 445; United States v Dean, 7 USCMA 721, 23 CMR 185; United States v Jones, 10 USCMA 532, 28 CMR 98; United States v Skelton, 10 USCMA 622, 28 CMR 188. That concession is proper.

We pointed out in United States v Dean, supra, that a convening authority who acts upon a rehearing may not approve a sentence in a subsequent action more severe than that approved in the initial action. We also held in United States v May and United States v Cecil, both supra, that probationary suspension of an accused's punitive discharge endures until violation of probation and the completion of vacation proceedings under Code, supra, Article 72, 10 USC § 872, unless, of course, he refuses the essentially consensual status of probationer and knowledgeably requests execution of his punitive separation. The combined rationale of these two lines of cases leads inevitably to the conclusion that the Government's admission is proper and that this accused is entitled to action suspending his punitive discharge for the period of his confinement or appellate review, whichever is the later date.

The second issue also involves a concession, albeit on the part of one of accused's appellate representatives. In the brief filed with us, counsel assigned to the office of The Judge Advocate General, United States Navy, West Coast, concedes that the radio stolen by the accused was of a value of $35.00. This admission is expressly based upon the stipulation between accused and the Government at the last trial that "the original purchase price of the radio was approximately $35.00." Appellate defense counsel appearing before this Court have, by motion and on oral argument, indicated their desire to withdraw this concession. While we believe proper appellate representation requires that all counsel for the same party resolve conflicts in their positions prior to filing pleadings or appearing before us, we are inclined to refuse to accept the concession, as the record clearly demonstrates it was inappropriate.

The evidence of value presented to the court members consists of the quoted stipulation of the original purchase price; the fact that the radio was in good working order; the victim's identification of it as his property by the circumstances that "the paint was worn by the volume control nob [sic], the handle didn't fit well, and there was a frayed wire on the inside which was taped"; and its pawning for $5.00.

Ordinarily, the value of stolen property is determined by its market value at the time of the theft. ▮▮▮▮ ▮ Manual for Courts-Martial, ▮▮▮▮ ▮ United States, 1951, paragraph 200a; United States v Steward, 6 USCMA 531, 20 CMR 247. The purchase price may be a persuasive consideration, provided the item was *recently* bought. Manual, supra, paragraph 200a, at page 361. The fact that the property is usable is also relevant. United States v Leal, 7 USCMA 15, 21 CMR 141. Here, however, the date of the radio's purchase is not shown in the record. Moreover, the fact that it was far removed from the time of theft is demonstrated by the victim's description of its peculiar defects. Under such circumstances, it can hardly be said that the evidence is sufficient to support a finding that the radio was worth the sum alleged. Nevertheless, it may be fairly concluded that the apparatus had some value, for it was not only usable but was in fact

**151**

pawned for $5.00. Hence, so much of the findings as determine that accused is guilty of larceny of a radio of some value are sustainable. United States v Steward, supra.

Left for resolution is the question of the effect of the necessary correction in the findings upon accused's sentence. It is immediately apparent that its impact would be small under the circumstances confronting us. True it is that the Table of Maximum Punishments, Manual, supra, paragraph 127c, classifies the penalties for larcenies according to the value of the property stolen. However, the lowest maximum penalty set forth for that offense is dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for six months, punishment limitations beyond the jurisdiction of the court-martial by which accused was tried. The court members were properly advised that their sentence might not exceed bad-conduct discharge, forfeiture of $30.00 per month for six months, and confinement at hard labor for a like period. Hence, any influence which the value alleged and found might have had on the penalty adjudged is so minor that neither reassessment by the board of review nor a rehearing on the sentence is required. United States v Best, 6 USCMA 39, 19 CMR 165; United States v Helfrick, 9 USCMA 221, 25 CMR 483; United States v Cummins, 9 USCMA 669, 26 CMR 449; United States v Green, 9 USCMA 728, 26 CMR 508; United States v Reams, 9 USCMA 696, 26 CMR 476. While the author of this opinion originally expressed his disagreement in the cited cases with the doctrine that certain errors had a *de minimis* effect upon the sentence adjudged and did not prevent the affirmance of the findings and penalty, the contrary is now the established law. Thus, it must govern here.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.