UNITED STATES, Appellee

v

GEORGE F. RANDALL, Specialist Four, U. S. Army, Appellant

No. 27,221

February 15, 1974

Captain *Ward Mundy* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick* and *Captain T. Barry Kingham.*

Captain *James D. Hyde* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen, Major Thomas P. Burns, III, Captain Richard L. Menson,* and *Captain Robert C. Roth, Jr.,* and Captain James F. Clark.

## OPINION OF THE COURT

QUINN, Judge:

A military judge sitting as a special court-martial convicted the accused of a number of offenses in violation of the Uniform Code of Military Justice. We granted review to consider whether the transcript of the record of trial is verbatim and whether the trial judge considered improper matter in the imposition of sentence.

The accused entered a plea of guilty to all the offenses but one; as to that, he pleaded guilty with certain exceptions. The trial judge returned findings of guilty consistent with the plea. Before announcing sentence, the judge made a statement. In material part, he noted that, in the inquiry into the accused's understanding of a plea of guilty, he had advised the accused that the maximum punishment for all the offenses was a bad-conduct discharge, confinement at hard labor for 6 months, and accessory penalties. He indicated that in "reviewing the factors for an appropriate sentence" he had found it "helpful" to consider the offenses separately and "review them in terms of what was [the] authorized maximum punishment" for each. The judge then listed the offenses and their respective punishments, and observed that the "total maximum punishment . . . [was] 14 years and 9 months confinement at hard labor, except for the jurisdictional limits of the court as I have previously stated."

The transcript of the trial was authenticated by the judge in the usual form. See Manual for Courts-Martial, United States, 1969 (Rev.), Appendix 9b, at A9-4. Before the certificate of authentication appears an insertion in ink, in what is conceded to be the judge's handwriting. It is as follows:

> Note: This is a reconstructed record, with the assistance of a backup reporter. The reporter, Pvt. North, is unqualified to take verbatim proceedings.

### GWH

Government counsel have filed affidavits from Private North, the appointed reporter, and Specialist 7 Massey, described as an informally designated and unsworn "backup reporter." North avers that the "reconstructed record" was prepared from recording discs made during the trial *"and the comments of the military judge."* (Emphasis added.) In crucial part, Massey's affidavit is to the same effect, except that he specifically indicates that the recording discs were those made by North. Appellate defense counsel contend that the transcript was not verbatim because it involved use of notes by an unsworn reporter. This contention is opposed by the affidavits. At the same time, however, the affidavits do not support the Government's contention that the transcript is verbatim since they demonstrate that the trial judge's "comments" provided material to complete the transcript.

■ In United States v Boxdale, 22 USCMA 414, 47 CMR 351 (1973), we commented on the "almost impossible task" of recalling trial proceedings verbatim. *Id.* at 415, 47 CMR at 352. The affidavits before us do not indicate, even tangentially, that the trial judge's comments were verbatim. As far as it appears, therefore, the transcript of the record of trial incorporates not the text but the recalled substance of unspecified parts of the trial proceedings, which is "much less than a [verbatim] transcript." United States v Vaughan, 3 USCMA 121, 128, 11 CMR 121, 128 (1953).

■ ■ Our conclusion that the transcript is not verbatim does not require, as appellate defense counsel contend, that the findings of guilty and the sentence be set aside. A nonverbatim record prevents a special court-martial from adjudging a bad-conduct discharge; it does not prohibit findings of guilty or the imposition of a sentence that does not include a discharge. Article 19, UCMJ, 10 USC § 819; United States v Whitman, 3 USCMA 179, 11 CMR 179 (1953). When a special court-martial imposes a bad-conduct discharge upon a nonverbatim record, but one which is otherwise complete for purposes of the review required by law, the error can be corrected by reducing the sentence to one which the court can impose upon a nonverba-

tim record. *Id.*; see United States v Thompson, 22 USCMA 448, 47 CMR 489 (1973). We agree with Government counsel that the transcript here is sufficiently complete for appellate review, especially since the accused entered a plea of guilty and there is no contention that the review record is deficient in any significant respect. Elimination of the bad-conduct discharge will purge the trial court's error of any possible prejudice to the accused.

The sentence to which the accused is now subject makes it unnecessary for us to consider appellate defense counsel's contention that the trial judge improperly took account of the maximum punishment for each offense in determining the sentence he imposed. See MCM, paragraph 76$b$(1); United States v Green, 11 USCMA 478, 29 CMR 294 (1960). The nature of the transcript of trial requires deletion of the bad-conduct discharge. The convening authority suspended a large portion of the confinement, with provision for automatic remission at expiration of a period that has already elapsed, and the Court of Military Review limited the forfeiture to 1 month. These circumstances convince us that further review of the sentence would not result in any material benefit to the accused. See United States v Helfrick, 9 USCMA 221, 25 CMR 483 (1958). Accordingly, we affirm the decision of the Court of Military Review as to the findings of guilty. We affirm the decision as to the sentence, except that part relating to the bad-conduct discharge, which part is reversed, and the bad-conduct discharge is set aside.

Chief Judge DUNCAN concurs.