UNITED STATES, Appellee

v

RICHARD L. SANDERS, Specialist Four, U. S. Army, Appellant

No. 28,074

May 3, 1974

*Lieutenant Colonel Edward S. Adamkewicz, Jr.,* and *Captain Lawrence I. Wagner* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen,* and *Captain Richard A. Karre* were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

PER CURIAM:

For the reasons set out in our opinion in United States v Wood, 23 USCMA ——, 48 CMR —— (Apr. 26, 1974), we hold that the trial judge erred in denouncing as a fraud upon the court members testimony by the accused during sentence proceedings that he "would take years" of confinement rather "than a dishonorable discharge" to protect his "future" as a teacher. In *Wood,* it was unnecessary for us to determine the prejudicial effect of the judge's error, but that issue must be decided in this case.

The offenses to which the accused pleaded guilty authorized a sentence extending to dishonorable discharge and confinement at hard labor for almost 60 years; the court adjudged a bad-conduct discharge and confinement at hard labor for some 4 years and 7 months, apparently crediting the accused, as instructed by the judge, with time spent in pretrial confinement. The difference between the maximum punishment and the adjudged sentence suggests that the defense case in mitigation and defense counsel's argument were effective. However, one of the most important mitigating circumstances presented by the accused was the probable impact of a punitive discharge upon his prospects of becoming a teacher. The importance of that to the accused was emphasized by his expressed willingness to serve years of confinement as a substitute for discharge. Despite the trial judge's criticism of this testimony, he allowed it to stand; but defense counsel's final argument to the court members omits all mention of the matter. We are left with the conviction that the omission resulted from the judge's criticism, and counsel's fear that if he disre-

garded it, the judge would not, as he expressly said he would not, "let . . . [him] get away with that." It may be that the court members would not have adjudged a lesser sentence whatever counsel's argument, but the accused was entitled to have his testimony presented to them in its most favorable light and in the usual form, that is, in the argument by his counsel. Plainly, it was not so presented, and, in our opinion, there is at least a fair risk that the omission was due to the judge's mistake. That mistake diminished the effectiveness of defense counsel, and we are not inclined to attempt "nice calculations" as to the extent of the resulting prejudice to the accused. Glasser v United States, 315 US 60, 76 (1942); see also United States v Best, 6 USCMA 39, 45, 19 CMR 165, 171 (1955).

The decision of the Court of Military Review as to the sentence is reversed. The record of trial is returned to the Judge Advocate General of the Army for submission to the convening authority. In his discretion, the convening authority may approve a sentence not including a punitive discharge, or order a rehearing on the sentence.