**UNITED STATES**

v.

**Robert E. ABERNATHY, III, 224 84 2300, Corporal (E-4) U. S. Marine Corps.**

**NCM 78 0318.**

U. S. Navy Court of Military Review.

Sentence Adjudged 31 Oct. 1977.

Decided 28 Dec. 1978.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

LT Richard A. Joyce, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and GREGORY and GLADIS, JJ.

GLADIS, Judge:

Appellant was tried by a general court-martial military judge, sitting alone. Contrary to his pleas, appellant was convicted of one specification of selling military property without authority (two red toolboxes) and one specification of larceny of United States Government property (one gray toolbox), in violation of Articles 108 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 908, 921. He was sentbnced to a bad-conduct discharge, confinement at hard labor for 9 months, forfeiture of all pay, and reduction to pay grade E–1. The convening authority approved the findings and sentence; however, by a later supplemental action, he remitted a portion of the confinement at hard labor.

The evidence presented by the prosecution at trial indicates that appellant sold the two red toolboxes to a Corporal (now Sergeant) Logan and had previously stated to Sergeant Logan that the two red toolboxes would be obtained from the warehouse aboard Camp Lejeune where appellant worked. Sergeant Logan, a military policeman, had provided information to the Naval Investigative Service concerning the forthcoming sale and had made the purchase with funds provided by the Naval Investigative Service. Sergeant Logan also provided information that other Government property was located at appellant's quarters aboard Camp Lejeune. On the basis of this information, authorization to search appellant's quarters for "items of stolen Government property and other items identified as contraband" was granted by the Chief of Staff for Marine Corps Base, Camp Lejeune. The gray toolbox was among the items seized from appellant's quarters.

Appellant has assigned the following errors before this Court:

I. THE COMMAND AUTHORIZED SEARCH OF APPELLANT'S QUARTERS FAILED TO SATISFY THE REQUIREMENTS OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

II. APPELLANT'S ALLEGED INCRIMINATORY STATEMENT, MADE IN RESPONSE TO INTERROGATION BY AGENT MORGAN AFTER APPELLANT'S APPREHENSION AND WHILE HE WAS IN CUSTODY, WAS ERRONEOUSLY ADMITTED INTO EVIDENCE BECAUSE THE GOVERNMENT FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT, PRIOR TO MAKING THE STATEMENT, APPELLANT WAIVED HIS RIGHTS TO REMAIN SILENT AND TO COUNSEL AFFORDED HIM BY ARTICLE 31, U.C.M.J., 10 U.S.C. § 831, AND BY THE FIFTH AMENDMENT TO THE CONSTITUTION.

III. THERE IS NO COMPETENT EVIDENCE OF RECORD TO ESTABLISH THE VALUE OF THE GOVERNMENT PROPERTY ALLEGEDLY SOLD AND CONCEALED BY APPELLANT AS THAT FOUND BY THE MILITARY JUDGE.

IV. THE EVIDENCE OF RECORD IS INSUFFICIENT TO PROVE BEYOND A REASONABLE DOUBT THAT THE GRAY TOOLBOX, THE SUBJECT OF THE LARCENY ALLEGED IN CHARGE III, WAS THE PROPERTY OF THE UNITED STATES.

We find merit in the third assignment of error and reject the others.

I

The appellant contends that the search of his residence was illegal because the information upon which the command authoriza-

tion for the search was based was not supported by oath or affirmation, the reliability of the informant was not sufficiently established, and the authorization was overbroad. These contentions lack merit.

### A

■ The agent requesting authorization to search apparently did not apprise the officer authorizing the search that the informant had made sworn statements and his request was not made under oath. There is no requirement, however, that a command authorization to search be based on information supported by oath or affirmation. *United States v. McCarthy*, 1 M.J. 993 (N.C.M.R.1976).

### B

■ The agent did apprise the officer authorizing the search that the informant was a military policeman. This was sufficient to satisfy the requirement of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Manual for Courts-Martial, United States, 1969* (Revised edition), para. 152, that the authority ordering the search be apprised of some of the underlying circumstances from which the individual requesting permission to search concluded the informant was credible or his information reliable. *See United States v. Ventresca*, 380 U.S. 102, 111, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

### C

■ Construing the search authorization in light of the request for authorization to search, we do not find it to be overbroad. The request for authorization to search appellant's residence and seize items of stolen U.S. Government property and other material which might be identified as contraband recited that appellant had admitted to the informant stealing and selling various items of Government property, that on the previous evening at his residence appellant had sold two toolboxes he had stolen from his place of duty to the informant, and that the informant had observed an additional quantity of toolboxes of the same description at the residence. The authorization to search appellant's residence authorized seizure of items of stolen Government property and other items identified as contraband. In determining whether an authorization to search is overbroad resort may be had to the request. *Cf. United States v. Carter*, 16 U.S.C.M.A. 277, 284, 36 C.M.R. 433, 440 (1966); *United States v. Hartsook*, 15 U.S.C.M.A. 291, 35 C.M.R. 263 (1965). There is no room for a grudging or negative attitude by reviewing courts towards command authorizations. Requests must be tested and interpreted in a common sense and realistic fashion. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. *See United States v. Ventresca, supra*, 380 U.S. at 108, 85 S.Ct. 741. Examining the authorization in the light of the request, we construe the authorization to authorize only a search for the tool boxes observed by the informant and seizure of any contraband observed during the search for the tool boxes.[1] The authorization was not overbroad and the seizure of the gray toolbox was legal.

### II

After the search of his quarters, appellant was apprehended and taken to the Naval Investigative Service Office aboard Camp Lejeune where he made oral admissions concerning his larceny and wrongful sale of Government toolboxes. Appellant alleges that this evidence was erroneously admitted at trial because the Government failed to establish that he waived his right to remain silent and his right to counsel before making these admissions.

■ We are unable to concur in these contentions of appellant. The testimony of the interrogating agent (R.52–61, 63–65),

---

1. An agent executing a search warrant may lawfully seize contraband not described in the warrant which he observes. *United States v. Old Dominion Warehouse Inc.*, 10 F.2d 736 (2 Cir. 1926), citing *Steele v. United States*, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925). *See Aday v. Superior Court*, 55 Cal.2d 789, 13 Cal. Rptr. 415, 362 P.2d 47 (1961).

appellant's own testimony (R.111–112), and appellant's written acknowledgement of understanding (Prosecution Exhibit 11) clearly establish that appellant was completely advised of his rights and made a knowing and intelligent waiver of these rights prior to making any admissions.

## III

■ Appellant was charged and convicted of wrongfully selling two red toolboxes of a total value of $45.62 and of larceny of a single gray toolbox of a value of $32.00. Trial counsel was allowed to establish the value of the toolboxes in question through the testimony of a Gunnery Sergeant Veeder, who was in charge of the warehouse where appellant worked and from which the property was allegedly taken. Gunnery Sergeant Veeder was allowed to state that the respective values were reflected on a microfiche price list he had previously examined. The microfiche price list was not introduced. Appellant contends, and the Government concedes, that the testimony of Gunnery Sergeant Veeder as to value was inadmissible hearsay and that the defense objection on this basis at trial should have been sustained. See Cleary, McCormick on Evidence § 247 (2d ed. 1972). Since there is no competent evidence as to the value of these toolboxes, we must modify the findings of guilty to reflect that the toolboxes are of some value. See Paragraph 200a(7), Manual for Courts-Martial, United States, 1969 (Revised edition); United States v. Smith, 11 U.S.C.M.A. 149, 28 C.M.R. 373 (1960).

## IV

■ We find the evidence sufficient to prove beyond a reasonable doubt that the gray toolbox was the property of the United States as charged.

Accordingly, the findings of guilty as to Charge II and only so much of the specification thereunder are affirmed as finds that appellant did, at the time and place alleged, without proper authority sell two red toolboxes, of some value, military property of the United States. The findings of guilty

as to Charge III and only so much of the specification thereunder are affirmed as finds that appellant did, at the time and place alleged, steal one gray, five-drawer toolbox, of some value, the property of the U.S. Government. Upon reassessment, only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement at hard labor for 4½ months, forfeiture of $384.00 per month for 6 months, and reduction to pay grade E–1.

Chief Judge CEDARBURG concurs.

GREGORY, Judge (concurring/dissenting):

I concur in the reasoning of the majority in all respects, except for their holding that the search authorization in this case was not overbroad.

As indicated in the majority opinion, the authorization in this case was to search and seize "items of stolen Government property and other items identified as contraband." See Prosecution Exhibit 9. I would find this authorization to be deficient in failing to describe with sufficient particularity the items for which probable cause to search existed.

The Fourth Amendment to the Constitution states:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly describing* the place to be searched, and the persons or *things to be seized.* (Emphasis added).

It has long been held that a warrant (or, in the military, a command authorization to search) must describe the items to be seized with sufficient particularity so that no discretion is left in the hands of those who execute the search. In *Marron v. United States*, 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231, 237 (1927), the U.S. Supreme Court stated:

The requirement that warrants shall particularly describe the things to be seized

makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant. And the Congress in enacting the laws governing the issue and execution of this search warrant was diligent to limit seizures to things particularly described.

The issue of specificity has been addressed only rarely by the Court of Military Appeals. This is probably due to the fact that, in the military, search authorizations are usually informal and oral. There is no question, however, that the particularity requirements of the Fourth Amendment are equally applicable to the military. *See United States v. Hartsook,* 15 U.S.C.M.A. 291, 35 C.M.R. 263 (1965).

In my view, the authorization here to seize "items of stolen Government property" does not satisfy the particularity requirements. As appellant points out, how were the searching Naval Investigative Service agents to distinguish "stolen Government property" from "non-stolen Government property" since the search was to be carried out in appellant's on-base quarters where presumably there are numerous items falling under the description of "Government property." Rather than circumscribing the scope of the search, the authorization to search for "items of stolen Government property" afforded the agents a license to rummage through all the belongings of appellant and his family, when, at most, on the basis of the information received from Sergeant Logan, the Government had established probable cause to believe there were some Government-owned toolboxes in appellant's quarters. In addition, unless stolen toolboxes can be described as "contraband", there was no probable cause to search for "contraband."

The particularity requirements of the Fourth Amendment have been described as

designed to prevent "general exploratory rummagings in a person's belongings." *Coolidge v. New Hampshire,* 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564, 583 (1971). These particularity requirements have been carefully enforced by the Federal Courts. *See United States v. Drebin et al.,* 557 F.2d 1316 (9th Cir. 1977); *United States v. Burch,* 432 F.Supp. 961 (D.Del.1977); *United States v. Townsend,* 394 F.Supp. 736 (E.D.Mich.1975); *In Re Search Warrant dated July 4, 1977, For Premises at 2125 S Street Northwest, Washington, D. C.,* 436 F.Supp. 689 (D.D.C.1977).[1]

It is also not only necessary that the authorization to search describe the items to be seized with sufficient particularity, but it is necessary that the focus of the search be limited to those items for which probable cause to search exists. *See United States v. Gardner,* 537 F.2d 861 (6th Cir. 1976), where a search warrant for "all firearms and ammunition" was held to be overbroad because probable cause existed only for seizure of a .38 caliber pistol. In the case *sub judice,* probable cause existed only to search for those toolboxes suspected to be Government property.

I have not overlooked the recent decision in *Andresen v. Maryland,* 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976), where the U. S. Supreme Court upheld a warrant authorizing a search for a detailed list of items "together with other fruits, instrumentalities and evidence of crime at this [time] unknown." I believe *Andresen* must be read, however, with the understanding that the warrant involved was directed toward a single, specific, and convoluted crime of false pretenses. It did not authorize the executing officers to search for evidence of other crimes. This interpretation of *Andresen* was applied by Chief Judge Bryant in *In Re Search Warrant dated 4 July 1977, supra,* and I believe it is a correct one. In the case of our appellant,

---

1. In *United States v. Burch, supra,* it is pertinent that the warrant in question described the property to be seized as ". . . articles which are believed and reported to be stolen from Penn Central Railroad . . . ." The

Court concluded ". . . that a warrant authorizing a search for 'stolen property' is a 'general warrant repugnant to the Fourth Amendment.'" 432 F.Supp. at 962, 964.

the command authorization to search embraces more than a single, specific crime, and is directed toward matters for which there was no apparent probable cause to search.

I am also mindful, as the majority opinion points out, that we are not limited to the authorization itself to determine the sufficiency. The request for authorization may also be examined in this regard to determine whether particularity requirements have been met. *See United States v. Hartsook, supra,* and *United States v. Carter,* 16 U.S.C.M.A. 277, 36 C.M.R. 433 (1966). *Also see United States v. Ortiz,* 311 F.Supp. 880 (D.Colo.1970), *affirmed* 445 F.2d 1100 (10 Cir. 1971). My examination of the search request in this case (Prosecution Exhibit 8), however, reveals it to be insufficient to remedy the particularity requirements missing in the search authorization. The search request does recite that the appellant had admitted to the informant stealing Government property and selling it on the local economy. The search request also recites that the informant "observed additional items of alleged Government property" at appellant's residence. In this regard, the search request indicates that the informant "observed an additional quantity of boxes of the same description as those which he purchased from subj." Appellant had sold toolboxes to the informant. Even considering the information in the search request, probable cause existed only to search for more toolboxes. The search authorization given to the requesting Naval Investigative Service Agent goes far beyond the matters for which there was probable cause and, in fact, is almost unlimited.

In summary, the search authorization in this case was overbroad, the search conducted incident thereto was in violation of the Fourth Amendment, and the fruits of this search should have been excluded upon the defense objection. As this evidence formed the sole basis for appellant's conviction of the alleged larceny (Charge III), I would find that the findings of guilty as to this offense must be set aside.

Having stated that I consider the search authorization to have been overbroad, the subject of appellant's oral admissions to the Naval Investigative Service Agent after the search must be addressed. I agree with the majority that the evidence of record clearly establishes that appellant was completely advised of his rights and made a knowing and intelligent waiver of these rights prior to making any admissions. Nevertheless, I would have to conclude that appellant's oral admissions were the result of the previously discussed illegal search of his quarters. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *United States v. Nazarian,* 23 U.S.C.M.A. 358, 49 C.M.R. 817 (1975). Despite this fact, however, I consider the other evidence of record, including the testimony of Sergeant Logan, to be more than sufficient to establish beyond a reasonable doubt appellant's guilt of the alleged offense of wrongful sale of military property. For this reason, as to Charge II and the specification thereunder, I would find the erroneous receipt into evidence of appellant's oral admissions to be harmless beyond a reasonable doubt. *United States v. Ward,* 1 M.J. 176 (C.M.A.1975); *United States v. Walters,* 22 U.S.C.M.A. 516, 48 C.M.R. 1 (1973).

In view of the foregoing, I would set aside the findings of guilty as to Charge III and the specification thereunder, but would affirm the findings of guilty of Charge II and the specification thereunder as modified by the majority opinion.