**UNITED STATES**

**v.**

**Derrick L. PORTER, 467 69 9764 Private First Class (E–2), U.S. Marine Corps.**

**NMCM 92 0211.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 15 Aug. 1991.

Decided 16 Sept. 1992.

LT James P. McFadden, JAGC, USNR, Appellate Defense Counsel.

CDR W.F. Shields, JAGC, USN, Appellate Government Counsel.

Before FREYER, MOLLISON and BARNES, JJ.

PER CURIAM:

The appellant, while under the influence of alcohol, wrongfully took a Navy pick-up truck and drove it against a loading dock, causing substantial damage to the vehicle and personal injury to himself. He took off on foot, headed for the barracks, but

about a half-mile from the wreck, he blacked out. As a result of that incident, he was charged with wrongfully appropriating the pick-up truck, negligently damaging military property (the pick-up truck) without proper authority, drunk driving, and leaving the scene of the accident, in violation of Articles 121, 108, 111, and 134, 10 U.S.C. §§ 921, 908, 911, 934, respectively. He was found guilty in accordance with his pleas and, upon consideration of a previous conviction by special court-martial for drunk driving, he was sentenced by the military judge to reduction to pay grade E–1, forfeiture of $500.00 for one month, confinement for one month, and a bad-conduct discharge. The convening authority approved the sentence, and the case is here without assignment of error.

 The wrongful appropriation specification alleges that the pick-up truck was of a value of $5,857.00, and, in the providence inquiry, the appellant averred that that was, indeed, its value. The negligent damage specification alleges that the amount of damage to the pick-up truck was $8,021.14. The latter specification is defective in that, although it alleges a dollar amount of damage, it fails to allege the value of the property, itself, immediately preceding the damage, *see* Manual for Courts–Martial, United States, 1984 (MCM), Part IV, para. 32f(2). Such omission does not render a negligent or willful damage specification fatally defective, but that does not mean that an allegation of the value of the property, in addition to the amount of damage, is superfluous.

 Since damage means some diminution in value less than total destruction, it is self-evident that the amount of the damage, however it is calculated, may never exceed the total value of the property. *United States v. Burrell*, 12 C.M.R. 943, 945 (A.F.B.R.1953). Thus, alleging the value of the property, in addition to the amount of damage, serves to verify that an accused is not being charged with causing damage in an amount exceeding the alleged pre-damage value of the property, itself. We have no idea how the damage was calculated in this case, but suffice it to say that the phrase "cost of replacement" in MCM, Part IV, paragraph 32c(3), may not be used to justify a value higher than fair market value where fair market value can be determined, as it obviously can for a five-year-old pick-up truck. *Cf. United States v. Triepke*, 1 C.M.R. 838 (A.F.B.R. 1951); *United States v. Thompson*, 10 U.S.C.M.A. 45, 27 C.M.R. 119 (1958); and *United States v. Smith*, 11 U.S.C.M.A. 149, 28 C.M.R. 373 (1960).

In this case, the amount of damage to the pick-up truck was alleged as $8,021.14. Since this is the same property that was alleged by the Government and admitted by the appellant to be of a value of $5,857.00 for purposes of wrongful appropriation, we notice a patent inconsistency between the appellant's plea of guilty to causing damage in the amount of $8,021.14 and his statement that the property, itself, was worth only $5,857.00. The discrepancy would have been all the more obvious had the value of the property also been alleged, as it should have, in the negligent damage specification, but it was obvious enough from the charge sheet and the providence inquiry that it should have evoked some skepticism at trial.

 Although the appellant described the pick-up truck after the collision as "totaled," we may not find that it was destroyed, since the appellant was charged with only damaging it. On the whole record, we except from the finding of guilty of the Specification of Charge I (Article 108), with respect to damage, the figure "8,021.-00" and substitute therefor the words and figure "some amount in excess of $100.00."

As thus modified, the findings of guilty are affirmed. The sentence has been reassessed in accordance with *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), and is affirmed.