UNITED STATES

v.

Edward J. McCARTHY, 145 48 6744, Sergeant (E–5), U. S. Marine Corps.

NCM 75 3093.

U. S. Navy Court of Military Review.

Sentence Adjudged 23 July 1975.

Decided 16 Aug. 1976.

LT Gordon Stephen Wright, JAGC, USNR, Appellate Defense Counsel.

LCDR A. K. Llewellyn, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and MURRAY and GLASGOW, JJ.

CEDARBURG, Chief Judge:

Appellant was tried by general court-martial military judge. Pursuant to a pre-trial agreement resulting in dismissal of other charges, he pleaded guilty to conspiracy to distribute 5.9791 grams of cocaine (Additional Charge II) and violation of a lawful general order to wit: U. S. Navy Regulations by possessing .0133 grams of cocaine (Specification 1 of Additional Charge III), alleged as violation of Articles 81 and 92, UCMJ, 10 U.S.C. §§ 881, 892, respectively. He pleaded not guilty to, but was convicted of, wrongful possession of 27

units of LSD alleged as a violation of a lawful general order, to wit: U. S. Navy Regulations, contrary to Article 92, UCMJ, (Specification 2 of Additional Charge III) and 4 specifications alleged as violations of Article 134, UCMJ, by possessing 346.87 grams of marijuana, by possessing 3.46 grams of marijuana, by possessing 1.17 grams of marijuana in hashish form and by possessing drug particles, matter and paraphernalia, respectively (Specifications 2, 3, 4 and 5 of Additional Charge IV). The military judge considered all of the latter offenses, to which the appellant pleaded not guilty, arising from a single search and seizure in a footlocker, as multiplicious. Stating that he had given appellant full credit for his pretrial confinement, he imposed a sentence consisting of a bad conduct discharge, confinement at hard labor for eighteen months, forfeiture of all pay and allowances and reduction to pay grade E–1.

Regarding the offenses to which he pleaded not guilty appellant has assigned the following as error:

I

THE AUTHORIZATION TO SEARCH APPELLANT'S PERSON AND EFFECTS WAS NOT OBTAINED IN REQUISITE COMPLIANCE WITH THE PROVISIONS OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

A. THE INFORMATION OFFERED TO OBTAIN AUTHORIZATION TO SEARCH WAS NOT SUPPORTED BY OATH OR AFFIRMATION.

B. ONLY SWORN ORAL TESTIMONY MAY CONSTITUTIONALLY AUGMENT AN AFFIDAVIT AND BE CONSIDERED WHEN DETERMINING THE EXISTENCE OF PROBABLE CAUSE.

II

THE MILITARY JUDGE ERRED IN FAILING TO EXCLUDE PROSECUTION EXHIBITS 2 THROUGH 9 AS PRODUCTS OF AN ILLEGAL SEARCH.

A. THE SEARCH ON 18 APRIL 1975 WAS ILLEGAL AS THE AUTHORIZATION TO SEARCH WAS BASED ON MISINFORMATION CONVEYED TO MAJOR K. THROUGH A THIRD PARTY, FIRST SERGEANT G. *Johnson v. United States,* 333 U.S. 10, 92 L.Ed. 437 (1948); *United States v. Sam,* 46 C.M.R. 124 (1973).

B. THE SEARCH OF 18 APRIL 1975 WAS ILLEGAL BECAUSE THERE WERE INSUFFICIENT CIRCUMSTANCES TO PROVE THE RELIABILITY OF THE INFORMANT AND THAT THE ITEMS SOUGHT TO BE SEIZED WERE AT THE PLACE TO BE SEARCHED. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *United States v. Llano,* 49 [48] C.M.R. 690 (1974).

III

APPELLANT WAS DENIED THE EQUAL PROTECTION AND DUE PROCESS OF LAW BY HIS HAVING BEEN PROSECUTED UNDER ARTICLE 134, UCMJ, FOR A DRUG OFFENSE RATHER THAN UNDER ARTICLE 92, UCMJ.

IV

THE SENTENCE AWARDED YOUR APPELLANT WAS INAPPROPRIATELY SEVERE.

I

█ Probable cause for a command authorized search and seizure in the present case was established in part from information supplied by the First Sergeant, Headquarters Company, Third Marine Regiment, to the Company Commander who authorized the search and seizure. The Company Commander additionally utilized his own personal knowledge in the determination. An oath or affirmation was not administered to the First Sergeant prior to his furnishing information to the Company Commander. Appellant contends that the failure to do so renders the authorization to search invalid because information of the

First Sergeant, offered to obtain the authorization, was not in compliance with the provisions of the Fourth Amendment to the United States Constitution.

Appellant relies for that proposition on language in the Fourth Amendment which states that no warrant shall issue but upon probable cause, supported by oath or affirmation. In his excellent brief however, he concedes that " . . . the legality of military searches is not, as a matter of practice, predicated upon the issuance of a 'search warrant.' " *citing United States v. Doyle,* 1 U.S.C.M.A. 545, 4 C.M.R. 137 (1952). *See United States v. Hartsook,* 15 U.S.C.M.A. 291, 294, 35 C.M.R. 263, 266 (1965); *United States v. Penman,* 16 U.S.C. M.A. 67, 69, 36 C.M.R. 223, 225 (1966). He is aware that searches and seizures are permitted by Paragraph 152, MCM, 1969 (Rev.) when authorized upon probable cause by a commanding officer, as was done in this case. But he argues that prior practice and Paragraph 152, *supra* should not be followed because they are in derogation of Fourth Amendment rights.

His argument is facially attractive. However, the fundamental objective of the Fourth Amendment is to prohibit "unreasonable" searches and seizures. A warrant to search, supported by information under oath or affirmation, is but one method by which indicia of reasonableness is supplied. Other reasonable but warrantless searches are recognized as not being violative of the Fourth Amendment, including consent searches and those incident to a lawful arrest.

In the military, provision for assuring reasonable searches and seizures, absent a warrant issued by a judge or magistrate, which while readily available in the civilian community, would not be in the usual military situation, has been made in Paragraph 152, *supra* which provides that:

Probable cause for ordering a search exists when there is reason to believe that items of the kind indicated above as being properly the subject of a search are located in the place or on the person to be searched. Such a reasonable belief may be based on information which the authority requesting permission to search has received from another if the authority ordering the search has been apprised of some of the underlying circumstances from which the informant concluded that the items in question were where he claimed they were and some of the underlying circumstances from which the authority requesting permission to search concluded that the informant, whose identity need not be disclosed, were credible or his information reliable.

The Court of Military Appeals in *United States v. Hennig,* 22 U.S.C.M.A. 377, 379, 47 C.M.R. 229 (1973), in observing that a search authorized by an ordering authority does not by itself demonstrate the legality of a search, has tied the validity of a command authorized search to the thrust of the Fourth Amendment prohibition against "unreasonable" searches. The military commander is required to base his authorization to search on sufficient, reliable information. *United States v. Hartsook, supra.* This consideration is met under the circumstances of the present case.

Reliability, enhanced by the oath or affirmation supporting a warrant in the civilian community, is likewise imported to the declaration of the First Sergeant in this case. Were it false, he would subject himself to the criminal sanctions of Article 107, UCMJ just as surely as it he had given the information under oath or affirmation. *United States v. Collier,* 23 U.S.C.M.A. 173, 48 C.M.R. 789 (1974). *Cf. United States v. Aronson,* 8 U.S.C.M.A. 525, 25 C.M.R. 29 (1959). In addition, here the personal knowledge of the authorizing officer, *United States v. Bradley,* 50 C.M.R. 608 (N.C. M.R. 31 March 1975), to which applicability of the oath or affirmation requirement would be anomalous and a factor not present in determining whether to issue a warrant in the case of a civilian judge or magistrate, was available and utilized in evaluating the credibility of an informant in the exercise of the Company Commander's discretion to authorize a search. It constitutes an added reliability factor not

present in the issuance of a warrant by a judge or magistrate. This Court has previously held this identical assignment of error to be without merit. *United States v. Fluitt*, No. 73 2100 (9 January 1974); *United States v. Offerdahl*, No. 73 1365 (26 November 1973), *pet. den.*, 23 U.S.C.M.A. 602 (1974). We are not persuaded good cause exists to overturn those holdings.

## II

■ We consider that appellant's assertion that Prosecution Exhibits 2 through 9 were products of an illegal search is without merit.

The First Sergeant reported to the Company Commander that Sergeant J. had informed him that appellant had placed a bag or bags of marijuana in his footlocker. Sergeant J. had never seen the contents of the bag but concluded that the bag contained marijuana because he recognized the smell. It is apparent from the testimony of the Company Commander, the First Sergeant and Sergeant J., that the information conveyed to the Company Commander who authorized the search, was that appellant had placed a bag or bags of marijuana in his footlocker. That this conclusion was arrived at by Sergeant J. as the result of his sense of smell rather than his sense of sight did not come to the attention of either the Company Commander or the First Sergeant. The thrust of the information supplied by Sergeant J. was to the effect that appellant had placed a bag of marijuana in his footlocker. Given the Company Commander's knowledge, obtained from the First Sergeant, that Sergeant J. had previously expressed concern over the presence of illegal drugs known by him to be in the barracks and his determination to report future occurrences, the fact that the exact sensory basis for Sergeant J.'s awareness of appellant's possession was not revealed does not alter the cognizance by the authorizing officer that the knowledge of Sergeant J. was direct and categorically asserted. Under these circumstances, buttressed by the personal knowledge of the authorizing offi-

cer, there was a sufficient showing of reliability of Sergeant J.'s information. We are similarly convinced that the record sufficiently establishes the credibility of the informant, Sergeant J., based on information supplied to the Company Commander by the First Sergeant in addition to the Company Commander's extensive personal knowledge of the informant. The facts available to him " . . . would lead a reasonable, prudent person to conclude that the matter for which the search [was] to be made constitute[d] evidence of a crime, and that the matter [was] at the place . . . to be searched." *United States v. Hennig, supra*, 22 U.S.C.M.A. at 379, 47 C.M.R. at 231.

## III

■ Appellant is correct in his contention that he was denied equal protection and due process of the law by having been prosecuted under Article 134, UCMJ rather than under Article 92, UCMJ as to the 4 specifications charged under Additional Charge IV. *United States v. Courtney*, 1 M.J. 438 (C.M.A.1976); *United States v. Zehendner*, No. 76 0400 (N.C.M.R. 14 July 1976).

■ In addition, items of evidence seized contemporaneously from appellant's footlocker as a result of the search authorized by the Company Commander provided the basis for Specification 2 of Additional Charge III, alleging under Article 92, UCMJ, possession of 27 units of LSD and the 4 specifications alleging possession of illegal drugs under Additional Charge IV charged as a violation of Article 134, UCMJ. The simultaneous possession of different drugs in the same location, regardless of the time and place of their acquisition must be treated as a single offense for punishment purposes. *United States v. Hughes*, 1 M.J. 346 (1976).

Curative action is required to correct prejudice suffered by appellant is a result of the improper punishment differential occasioned by his prosecution under Article 134 and the failure to treat as a single offense the offenses charged which arose

out of evidence seized in the search of the footlocker.

The military judge, in awarding a sentence, determined the maximum confinement authorized to be 17 years. Apparently, he calculated 10 years' confinement for Additional Charge II predicated upon a conspiracy to distribute habit forming drugs considering the object offense to be a violation of Article 134. The offense which is the object of the conspiracy should have been considered as violative of Article 92, UCMJ instead of Article 134, UCMJ. *United ed States v. Courtney, supra,* thereby limiting the punishment to 2 years' confinement. He considered Specification 1 of Additional Charge III as multiplicious with Additional Charge II. Thus the maximum confinement for both offenses was 2 years. Specification 2 of Additional Charge III was determined to authorize 2 years' confinement. Finally the 4 specifications under Additional Charge IV, considered multiplicious, were determined to authorize 5 years.

Our calculation of the maximum confinement is as follows: Additional Charge II and Specification 1 of Additional Charge III, which were multiplicious, authorized 2 years' confinement. The 4 specifications of Additional Charge IV, which should have been charged under Article 92, and Specification 2 of Additional Charge III which together should have been treated as a single offense authorized an additional 2 years' confinement. The maximum total confinement was 4 years instead of 17 years considered by the military judge in arriving at his sentence. We will reassess to dissipate the prejudice.

 It should be noted that appellant pleaded guilty to Additional Charge II alleging conspiracy. His counsel stated that he had advised him that the maximum authorized punishment was uncertain depending upon whether the object offense of the conspiracy was considered to be an Article 134 offense authorizing 10 years' confinement, an offense under 21 U.S.C. § 841, authorizing 15 years' confinement or an Article 92 offense authorizing 2 years' confinement. He advised the military judge that the accused was insistent on his plea regardless of what the maximum punishment would be. We perceive no possibility of an improvident plea here. *See United States v. Kleinhans,* 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964).

The findings are affirmed. On reassessment of the sentence, in light of the erroneous consideration of the maximum confinement at hard labor authorized, only so much of the sentence is affirmed as provides for a bad conduct discharge, reduction to pay grade E–1 and confinement at hard labor and forfeitures of all pay and allowances to the date of this decision.

Judge MURRAY and Judge GLASGOW concur.