UNITED STATES

v.

Airman Robert L. WILLIAMS, FR 587–46–8497 485th Electronics Installation Squadron Eighth Air Force (SAC).

ACM S24413.

U. S. Air Force Court of Military Review.

Sentence Adjudged 6 May 1976.

Decided 20 Aug. 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Captain David A. Bateman.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before LeTARTE, C. J., EARLY, Senior Judge, and FORAY, J.

## DECISION

LeTARTE, Chief Judge:

Consonant with his plea, the accused was convicted of an unauthorized absence, from 7 January to 20 April 1976, in violation of Article 86, 10 U.S.C. § 886, Uniform Code of Military Justice, and was sentenced to be discharged from the service with a bad conduct discharge, to forfeit $240.00 per month for two months, to be confined at hard labor for two months and to be reduced in grade to airman basic. The convening authority approved only so much of the sentence as provides for bad conduct discharge, forfeiture of $240.00 per month for two months and confinement at hard labor for 40 days.

Appellate defense counsel have invited our attention "to the errors assigned by trial defense counsel in his 25 May 1976 rebuttal to the clemency evaluation." However we perceive no merit in this issue. Those inaccuracies and deficiencies noted by trial defense counsel in the clemency evaluation were discussed and clarified in the staff judge advocate's post-trial review, dated 9 June 1976. On 18 June, trial defense counsel received a copy of this review and immediately declined to submit a rebuttal. The reviewing authority's final action was taken thereafter on 22 June. Under these circumstances, we find that trial defense counsel's failure to submit a rebuttal to the review constituted a waiver of any

error in the clemency evaluation. See *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

One other matter in this case warrants discussion. The allied papers reflect that the accused was placed in pretrial confinement on 2 May 1976, by order of his squadron section commander. The next day, a hearing was conducted by the special court-martial convening authority's staff judge advocate "to consider the necessity of continued confinement. . . ." The accused was represented at this hearing by a judge advocate.

At this interview, the staff judge advocate questioned the commander who ordered the accused's confinement and the accused's organizational commander, and he permitted the accused's counsel to make a statement on the accused's behalf. Subsequently, the staff judge advocate submitted a recommendation to the convening authority that the accused's confinement be continued in order to "guarantee his presence at trial." On 4 May, the convening authority approved his staff judge advocate's recommendation.

In the recent decision of *Courtney v. Williams et al.*, 24 U.S.C.M.A. 87, 51 C.M.R. 260, 1 M.J. 267 (1976), the Court held that when a member of the armed forces is placed in pretrial confinement, he is entitled to a determination by "a neutral and detached magistrate" as to whether probable cause exists to detain him[1] and whether he should be detained.

Following the *Courtney v. Williams* decision, a procedure for conducting pretrial confinement hearings was established for Air Force members. It requires: (1) that a hearing be conducted within 72 hours after the member has been placed in pretrial confinement, (2) that the hearing be held by the officer exercising special court-martial

jurisdiction over members at the place of pretrial confinement, or, when so designated, by his staff judge advocate, (3) that when the hearing is conducted by the staff judge advocate, he must submit a recommendation to the convening authority within 24 hours thereof, and (4) if the commander does not order the member's release, he must furnish the member with a statement of his reasons for continuing the confinement and include a copy of this statement in the record of trial as an allied paper.

In our opinion, these procedural requirements constitute full compliance with the *Courtney v. Williams* directive.[2] Further, we are satisfied that the special court-martial convening authority qualifies as a "neutral and detached magistrate" so long as he was not involved in the initial decision to confine the member.

In the case before us, we find that the accused was accorded the requisite hearing to determine the legality of continuing his confinement before trial.

The findings of guilty and the sentence are

AFFIRMED.

EARLY, Senior Judge, concurs.

FORAY, Judge, absent.

---

1.  See Article 9(d), Code, supra.

2.  We need not decide at this time what effect, if any, compliance with these requirements has on a member's right to seek redress pursuant to Article 138, Code, supra, when his request for release from pretrial confinement has been denied by the officer exercising special court-martial jurisdiction.