## UNITED STATES

### v.

**Airman Kenneth R. LAWSON, FR 399–58–2303, 3452d School Squadron, 12th Flying Training Wing (ATC).**

**ACM 22268.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 17 May 1977.

Decided 22 Nov. 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain Thomas S. Markiewicz.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Gilbert J. Regan.

Before EARLY, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

Tried by a general court-martial composed of a military judge, the accused was convicted pursuant to his pleas of one offense of sale of amphetamine, and three

marijuana offenses (one use, and two possessions) in violation of Articles 92 and 134, 10 U.S.C. §§ 892, 934 of the Uniform Code of Military Justice. The approved sentence is a bad conduct discharge, confinement at hard labor for eight months, and forfeiture of $100.00 per month for eight months.

In their first assertion of error, appellate defense counsel contend that the court-martial lacked jurisdiction to try the marijuana offenses. We agree as to Charge II, Specifications 1 and 2, but disagree as to Specification 3.

As was pointed out very clearly by the Court of Military Appeals in *United States v. Alef*, 3 M.J. 414 (C.M.A.1977), we are required to examine the issue of service connection in accordance with the criteria set forth in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971). This requires an analytical process of carefully balancing the *Relford* criteria on a case-by-case, offense-by-offense basis to determine if the military interest is distinct from, and greater than, the civilian interest. *United States v. Hedland*, 25 U.S.C.M.A. 1, 54 C.M.R. 1, 2 M.J. 11 (1976); *United States v. McCarthy*, 25 U.S.C.M.A. 30, 54 C.M.R. 30, 1 M.J. 993 (1976).

The evidence of record indicates that the marijuana use offense charged in Specification 1 of Charge II occurred off-base in an apartment in Denver, Colorado, where the accused smoked marijuana at a "pot party" attended by both civilians and military members. Our examination of this offense reveals that the sole factor weighing in favor of military jurisdiction is that the accused smoked marijuana in the presence of other military members. That alone is not enough to sustain jurisdiction. *United States v. McCarthy, supra.*

In the offense charged in Specification 2 of Charge II the accused was charged with possession of marijuana. He and an Airman Craft, while at the accused's off-base apartment agreed to go to another airman's apartment, also off-base, where the accused purchased two one-ounce bags of marijuana. The bags were then brought back to his off-base apartment where the substance was smoked by both military members and civilians. Having again carefully balanced the *Relford* criteria, we find the presence of other military members and the purchase from a military member to be the only factors weighing in favor of military jurisdiction. Those factors, without more, are insufficient to sustain military jurisdiction. *United States v. Williams*, 25 U.S.C.M.A. 176, 54 C.M.R. 284, 2 M.J. 81 (1976).

In Specification 3 of Charge II the evidence shows that Airman Craft and Airman Self approached the accused while he was on duty at Lowry Air Force Base, Colorado. During the meeting the accused and Airman Craft agreed to jointly purchase a quarter-pound of marijuana from Airman Self. The accused gave one-half the purchase price ($55.00) to Airman Craft who then paid Airman Self the entire amount. The marihuana was delivered at 1800 hours that same day to the accused's off-base apartment. Four military members, including the accused, used the marihuana.

Our examination of the facts relating to this specification shows that several factors weigh in favor of the exercise of military jurisdiction: (1) the on-base situs of the negotiation for the sale, which culminated in the accused's possession; and the on-base transfer of the money;[1] (2) the on-base formulation of the criminal intent to possess the marijuana; (3) at the time of the negotiations the accused was performing military duties; (4) the threat to military members when the marihuana was distributed to them, and, (5) the military status of the seller and the copurchaser. There is no question that when combined these factors

---

1. In the case of *United States v. Loew*, ACM 22008 (unpublished) (A.F.C.M.R., 9 Nov. 1976), affirmed, —— M.J. ——, (26 Oct. 1977), the accused was originally charged with possession and sale of heroin. He was acquitted of the sale offense on the basis that he was an agent; however, the exercise of jurisdiction was upheld as to the possession offense since the negotiations which led to the accused's possession occurred on the military installation.

tip the scales in favor of the exercise of military jurisdiction. *United States v. McCarthy, supra.*

 In the second assignment of error the appellate defense counsel contend, and appellate government counsel concede, that the government lacked jurisdiction over the sale of amphetamine alleged in the Specification of Charge I. We agree.

The evidence reveals that a government informant went to the accused's apartment in an attempt to buy amphetamine from the accused's roommate. Finding the roommate gone, he persuaded the accused to accommodate him. The accused obtained the drugs from a civilian who was visiting the apartment, delivered it to the informant, and gave the money ($10.00) paid by the informant to the civilian. In this situation, the only circumstance weighing in favor of service connection is the military status of the buyer. That factor alone is insufficient to support the exercise of military jurisdiction.[2] *United States v. Alef, supra.*

Appellate defense counsel's third assertion of error is mooted by our disposition of assignment two. Their final assignment alleging that the review of the Staff Judge Advocate is inadequate is without merit.

 The findings of guilty of Charge I and its Specification and Specifications 1 and 2 of Charge II are set aside and dismissed. The findings of guilty to Specification 3, Charge II and Charge II are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, only so much thereof as provides for confinement at hard labor for four months and forfeiture of $100.00 per month for four months is

AFFIRMED.

EARLY, C. J., and ORSER, J., concur.

2. In view of our resolution of the jurisdiction issue, we need not decide whether the accused was merely acting as an agent for the buyer.

*See United States v. Henry,* 23 U.S.C.M.A. 70, 48 C.M.R. 541 (1974).