UNITED STATES

v.

**Airman First Class Mark E. BOWMAN,
FR 050–48–0985, United States
Air Force.**

**ACM 22305.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 4 Aug. 1977.

Decided 10 Feb. 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Thomas S. Markiewicz.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before EARLY, C. J., and ORSER and ARROWOOD, JJ.

DECISION

ARROWOOD, Judge:

Tried by a general court-martial composed of a military judge, the accused was convicted of the sale of marijuana and the sale and possession of phencyclidine in violation of Articles 134 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 892. His sentence to be discharged from the service with a bad conduct discharge, to be confined at hard labor for sixteen months, to forfeit all pay and allowances, and to be reduced to the grade of airman basic, was approved by the convening authority.

In the first assignment of error, appellate defense counsel assert that the court lacked jurisdiction over the off-base sale of marijuana. We disagree.

The facts reveal that Airman Hanes, an Air Force Officer of Special Investigations (OSI) informant, was approached by Airman Watson at her duty section and advised that an Airman Hawes had a pound of marijuana to sell for $75.00. She contacted Hawes who said the marijuana was in the possession of the accused and confirmed the price of $75.00. He gave accused's telephone number to Hanes so she could call him. Hanes called the accused from her duty Section, confirmed the pickup time and the price, and was furnished directions to his apartment. The marijuana had been in Hawes' possession on base, but shortly

before the sale it had been taken to the off-base apartment of the accused. Hanes went to accused's apartment, gave him $75.00 procured from the OSI, and received the marijuana.

In accordance with the requirements established in *United States v. Hedlund*, 25 U.S.C.M.A. 1, 54 C.M.R. 1, 2 M.J. 11 (1976); *United States v. McCarthy*, 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976); and *United States v. Alef*, 3 M.J. 414 (C.M.A. 1977) we must examine the issue of service connection in accordance with the criteria set forth in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971). This requires an analytical process of carefully balancing the *Relford* criteria on a case-by-case, offense-by-offense basis to determine if the military interest is distinct from and greater than, the civilian interest.

Our examination of the facts show that several factors weigh in favor of the exercise of military jurisdiction; (1) the sale had a direct connection with the base in that, (a) substantial negotiations for the sale took place on base and over government telephones, (b) the marijuana was originally located on base, (c) the buyer was approached about the sale while performing military duties on base; (2) all four parties involved in the sale were in the military; (3) the sale constituted a flouting of military authority; and (4) the sale constituted a threat to the military installation and personnel located therein. These factors raise a distinct military interest in the case that cannot be adequately vindicated in the civilian courts and tip the scales in favor of the exercise of military jurisdiction. *United States v. McCarthy*, supra; *United States v. Lawson*, 4 M.J. 646 (A.F.C.M.R. 1977).

In a supplemental assignment of error, appellate defense counsel, citing the holding in the Army Court of Military Review in *United States v. Bartram*, 4 M.J. 510 (A.C.M.R.1977), assert that the military judge should have instructed the court that the maximum punishment for the phencyclidine offenses was one year confinement per offense, as prescribed under the District of Columbia Code, rather than two years as prescribed for a violation of a regulation under the Manual for Courts-Martial, 1969 (Rev). We disagree with the Army Court's decision and hold our decision in *United States v. Clifford*, 51 C.M.R. 498, 1 M.J. 738 (A.F.C.M.R.1975), to be controlling.

The remaining assignments of error, as to due process being denied as a result of sentencing under Article 134 rather than Article 92, Uniform Code of Military Justice, and as to the review of the staff judge advocate being misleading are without merit.

Accordingly, the findings and sentence are

AFFIRMED.

EARLY, Chief Judge and ORSER, Judge, concur.