**UNITED STATES, Appellee,**

v.

**Walter M. KLINK, Private First Class U. S. Army, Appellate.**

CM 433391.

No. 32,085.

U. S. Court of Military Appeals.

Oct. 10, 1978.

For Appellant—*Captain James Recasner* (argued); *Colonel Robert B. Clarke* (on brief); *Lieutenant Colonel John R. Thornock* (on petition); *Major Benjamin A. Sims* (on brief); *Captain Buren R. Shields III* (on brief); *Captain Willard E. Nyman III*; *Captain Grifton E. Carden.*

For Appellee—*Captain Robert D. Newberry* (argued); *Colonel Thomas H. Davis* (on petition); *Lieutenant Colonel R. R. Boller* (on brief); *Captain Richard A. Kirby* (on brief); *Captain James H. Anderson* (on brief).

Opinion of the Court

PER CURIAM:

Before this Court, the appellant continues his challenge to the jurisdiction of the court-martial to try the offenses of which he stands convicted.[1] *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971); *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). We agree with his contention that there is insufficient service connection over the subject matter of these off-post offenses to vest jurisdiction in the military tribunal to try the appellant for their commission.

On the evening in question, the appellant was at the Belvoir Bar and Grill, an off-post commercial establishment at which he worked during off-duty hours. The Belvoir Bar and Grill is within pedestrian commuting distance (approximately 10 yards) of the military installation, Fort Belvoir, on an island of land completely surrounded by Fort Belvoir, known as Accotink, Virginia. A fellow soldier approached the appellant seeking marihuana for "friends of his" who were with the soldier. Subsequently, the appellant was arrested in the vicinity of the establishment by one of these "friends"—an agent of the Criminal Investigation Divi-

---

1. The appellant was convicted of possession, transfer, and sale of marijuana at Fairfax County, Virginia, in violation of Article 134,

Uniform Code of Military Justice, 10 U.S.C. § 934.

sion. The total amount of the marihuana involved was less than one ounce.

Because of the peculiar geography involved in this case—that the situs of the offenses is but several yards from the military installation's boundary and that the civilian community in which it is located is an island surrounded by that installation—the temptation is present to approach this case in a manner different than that used in our most recent precedent, but that temptation must be resisted. In *United States v. Alef*, 3 M.J. 414, 418 n. 12 (C.M.A. 1977), this court rejected the "commuter distance" theory of jurisdiction as being inconsistent with the required *Relford* analysis—and correctly so. If a citizen of State "A" committed an offense cognizable by that state only yards across its borders in neighboring State "B", State "A" lacks jurisdiction over the subject-matter of that offense just as surely as if it had been committed hundreds of miles from its borders. The boundary of a military installation is just as significant a border and, absent sufficient service connection, that border is determinative.

As we are not persuaded that application of the 12 factors and the 9 additional considerations of *Relford*, permits exercise of court-martial jurisdiction over the offenses here involved, the appellant's conviction cannot stand.

The decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside and the charge is dismissed.

COOK, Judge (dissenting):

The possibility that illicit drugs will be transferred into the military community is a proper factor in evaluating military jurisdiction. *See United States v. McCarthy*, 2 M.J. 26 (C.M.A.1976). In *United States v. Alef*, 3 M.J. 414, 418 n. 12 (C.M.A.1977),[1] a majority of this Court rejected the "commuter distance" theory as a basis for the exercise of military jurisdiction. Rather, the majority held that the possibility that "illicit substances will filter back into the military community . . . must be weighed in relationship to the locale of the sale or transfer, and such other circumstances as would, in and of themselves, determine the remoteness or probability of such an occurrence."

The majority in the present case conclude that military jurisdiction was lacking. However, in my opinion, *United States v. Alef* clearly supports the exercise of military jurisdiction. Appellant was convicted of numerous specifications of the possession, transfer, and sale of marijuana, but the military judge concluded several of the offenses were multiplicious for sentencing and, thus, the appellant was sentenced for two specifications alleging the sale of marijuana. These sales were made to two servicemen and involved four "bags" of marijuana weighing approximately 27.6 grams. Furthermore, although the transactions occurred off post, the situs of the offenses was a short distance from Fort Belvoir and was completely surrounded by it. Under such circumstances, the possibility that the marijuana would enter the military community was a near certainty as its movement in any direction would place it on Fort Belvoir. I would, therefore, affirm the decision of the United States Army Court of Military Review.

1. I dissented in *United States v. Alef*, 3 M.J. 414, 421 (C.M.A.1977), on the basis that military jurisdiction had been established.