UNITED STATES

v.

**Sergeant Henry J. FALS, FR 573–23–8843**
**United States Air Force.**

**ACM 22394.**

U. S. Air Force Court of Military Review.

3 Nov. 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Robert G. Gibson, Jr.

Appellant Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Robert T. Mounts.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

On 2 February 1978, the Air Force Office of Special Investigations (AFOSI) climaxed a large scale drug operation at Travis Air Force Base resulting in the apprehension of more than seventy airmen, including the accused. For several months prior to this "roundup," the staff judge advocate, Lieutenant Colonel R, was briefed weekly on the progress of the investigation. One day prior to the apprehension, he had advised the special court-martial convening authority, Colonel B, that the accused should be placed in pretrial confinement upon his apprehension and remain there throughout the remainder of the operation. Colonel B followed this advice and personally signed the confinement order placing the accused in pretrial confinement on 2 February 1978.

Lieutenant Colonel R also consulted with the investigators during the latter stages of the investigation about a proposed attempt to purchase marijuana from the accused and gave them specific advice on the procedure to be followed. On the morning of the "roundup" he placed himself at the AFOSI Command Post, providing advice to the AFOSI on probable cause and various other legal issues pertaining to the operation.

On 3 February 1978, over the objection of the accused's counsel, Lieutenant Colonel R conducted a hearing into the accused's pretrial confinement. His findings and recommendations to continue the accused's pretrial confinement were adopted by Colonel B. The accused sought redress from the decision via Article 138, Uniform Code of Military Justice, 10 U.S.C. § 938, but relief was denied by the general court-martial convening authority on 23 February 1978.

The trial judge ruled that the 23 days of confinement from the hearing until the review by the general court-martial convening authority of the action under Article 138, Code, supra, was unlawful. He made these findings: Colonel B signed the confinement order and therefore could not review the action as a "neutral and detached magistrate; Lieutenant Colonel R was not disqualified from conducting the hearing; and the general court-martial convening authority's disapproval of the Article 138, Code, supra, action to which the report of the pretrial confinement hearing was attached was tantamount to a determination by a "neutral and detached magistrate" that the pretrial confinement was lawful.

Appellate defense counsel contend that Lieutenant Colonel R was disqualified from conducting the pretrial confinement hearing. They reason that as there was no proper hearing, the entire pretrial confinement was unlawful, regardless of which convening authority acted on it. Accordingly, they request appropriate credit for the remainder of the pretrial confinement against the accused's sentence.

In *Courtney v. Williams*, 1 M.J. 267 (C.M.A.1976), it was held that when a member of the armed forces is placed in pretrial confinement, a "neutral and detached magistrate" must determine whether probable cause exists to detain him and whether he should be detained.

█ In applying this decision, procedure for conducting pretrial confinement hearings was established for Air Force members. Paragraph 3–25, Air Force Manual 111–1(C2), 8 October 1976. The procedure provides for the staff judge advocate to conduct the hearing and provide his findings and recommendations to the special court-martial convening authority who determines whether or not the member should be confined. The special court-martial convening authority qualifies as a "neutral and

detached magistrate" so long as he is not involved in the initial decision to confine the member. *United States v. Williams*, 2 M.J. 275 (A.F.C.M.R.1976). If he is disqualified from acting impartially, the determination is transferred to the next higher authority or to another officer exercising special court-martial jurisdiction. The staff judge advocate may also be disqualified from conducting the hearing in which case the senior eligible judge advocate in his office may conduct the hearing. A.F.M. 111–1, para. 3–25e(2) and (3).

■ Routine discharge of their responsibilities will not normally disqualify either the special court-martial convening authority or the staff judge advocate from acting in these matters. However, either officer may be disqualified due to detailed involvement in the initial decision to confine the individual, or if he becomes so totally involved in the investigation that he cannot act impartially. A.F.M. 111–1, para. 3–25d.

■ In the case at hand, the initial decision to confine the accused, as evidenced by his signing the confinement order, disqualifies Colonel B from acting as a "neutral and detached magistrate." [1] *United States v. Williams*, supra.

■ Lieutenant Colonel R's total involvement in the investigation of the accused's continuing drug sales, coupled with his detailed advice to initially confine the accused provided to Colonel B, leads us to a different conclusion than that reached by the trial judge. Under the facts of this case, we find Lieutenant Colonel R was disqualified from acting as hearing officer respecting the pretrial confinement. As there was no proper hearing as required by *Courtney v. Williams*, supra, the Article 138, Code,

supra, action by the general court-martial convening authority [2] did not serve to approve the remaining pretrial confinement.

In approving the sentence, the convening authority gave the accused credit for 23 days unlawful confinement as ordered by the trial judge. In our reassessment of the sentence we credit the accused with the remaining 68 days pretrial confinement we find to be unlawful. *United States v. Larner*, 1 M.J. 371 (C.M.A.1976).

■ The Specifications of Charge I allege the accused wrongfully sold marijuana at Vacaville, California. The evidence supporting the specifications reveal that the accused sold marijuana to three military members who came to his home which was located there. Vacaville, California, is approximately ten miles from Travis Air Force Base, the nearest military installation. The government contends that the status of the parties and the proximity to the military installation, coupled with the "reasonable foreseeability" that the marijuana would be introduced into the military community is sufficient to meet the requirements of service connection set forth in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971). We find that these facts do not support the exercise of military jurisdiction.[3] *United States v. Klink*, 5 M.J. 404 (C.M.A.1978); *United States v. Alef*, 3 M.J. 414 (C.M.A.1977); *United States v. Lawson*, 4 M.J. 646 (A.F.C. M.R.1977). Accordingly, the findings of guilty of Charge I and the Specifications thereunder are set aside and ordered dismissed.

The remaining assignments of error are without merit or were adequately discussed by the staff judge advocate in his post-trial

---

1. We do not believe that the Commander's participation in the investigatory phases of the case, required as it is by virtue of his responsibility for the morale and discipline of his command, in and of itself, is disqualifying; it is, instead, his action in signing the confinement order himself that bars him from acting as the "neutral and detached magistrate."

2. Our finding that the staff judge advocate was disqualified makes it unnecessary to decide

whether the general court-martial convening authority was acting as a "neutral and detached magistrate" when he disapproved the Article 138, Uniform Code of Military Justice action.

3. Local police participated in the investigation and charges for possession and sale of marijuana were also brought against the accused by the State of California.

review and properly resolved adversely to the accused.

Reassessing the sentence[4] in light of the dismissed specifications, and crediting the accused with the period of unlawful pretrial confinement discussed above, we find that only so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for six months, forfeiture of all pay and allowances and reduction to the grade of airman basic to be appropriate.

The findings of guilty and the sentence, both as modified, are

AFFIRMED.

EARLY, Chief Judge, and HERMAN, Judge, concur.

ORSER, Judge, was absent.

---

4. The approved sentence extended to a bad conduct discharge, confinement at hard labor for 11 months, forfeiture of all pay and allowances and reduction to airman basic.