UNITED STATES

·v.

Senior Airman Stephen E. BOWIE, FR 303–62–2651. United States Air Force.

ACM 22617.

U. S. Air Force Court of Military Review.

Sentence Adjudged 12 June 1979.

Decided 16 April 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Colonel George R. Stevens.

Appellate Counsel for the United States: Colonel James P. Porter and Major Robert T. Mounts.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

DECISION

PER CURIAM:

Despite his pleas, accused was convicted of desertion and cashing bad checks totalling $1400.00 in violation of Articles 85 and 123a, Uniform Code of Military Justice, 10 U.S.C. §§ 885, 923a.

We hold that the judge advocate who prepared the post trial review was disqualified from doing so and return the record of trial for a new review and action by a different convening authority.

The defense at trial challenged, on various grounds, the legality of accused's pretrial confinement, the appointment of the officer conducting the hearing for such confinement, the appointment of the Article 32 investigating officer, the adequacy of the pretrial advice, the referral to trial, and the jurisdiction of the trial court, and asserted denial of accused's rights to speedy disposition of the charges and processing of the case on review. The officer who prepared the post trial review had previously served as the pretrial confinement hearing officer, drafted the pretrial advice, and as the Base Staff Judge Advocate, was otherwise involved in other challenged matters. Most critically, he testified as a prosecution witness on several matters relevant to a defense motion to dismiss for lack of speedy trial.

Under all these circumstances, accused's right to a thoroughly fair and impartial post trial review has compromised. See *United States v. Cansdale*, 7 M.J. 143 (CMA1979); *United States v. Reed*, 2 M.J. 64 (CMA1976); *United States v. Ward*, 1 M.J. 18 (CMA1975); *United States v. Crunk*, 4 USCMA 290, 15 CMR 290 (1954).

Accordingly, the action of the convening authority is set aside and the record of trial is returned to The Judge Advocate General, United States Air Force, for referral to a different convening authority for a new review and action.