**UNITED STATES**

v.

**Airman Basic James A. HOLLINGS-WORTH, FR 422–90–3471 United States Air Force.**

**ACM S24854.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 13 July 1979.

Decided 9 July 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Captain Willard K. Lockwood and Captain Neil S. Richman, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain N. Steven Linder.

Before EARLY, POWELL and MAHONEY, Appellate Military Judges.

## DECISION

EARLY, Chief Judge:

Tried by special court-martial, the accused was convicted, pursuant to his pleas, of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The approved sentence extends to a bad conduct discharge, confinement at hard labor for three months and forfeiture of $100.00 per month for three months.

Appellate defense counsel assert three errors, of which two merit our attention.

The facts underlying both issues addressed concern the involvement of the two staff judge advocates on the base. The base (special court-martial) staff judge advocate "coordinated with the unit commander" at the time the latter placed the accused in pretrial confinement. For this reason he determined that he was disqualified from conducting the 72 hour confinement hearing mandated by Air Force Manual 111–1(C–3), 15 November 1978; see also, *Courtney v. Williams*, 1 M.J. 267 (C.M. A.1976); *United States v. Fals*, 6 M.J. 713 (A.F.C.M.R.1978). Thereafter the base commander appointed the Center (general court-martial) staff judge advocate to conduct the hearing and make recommendations as to whether continued confinement was justified.

After conclusion of the trial, the review of the staff judge advocate to the supervisory authority was prepared by the assistant trial counsel. Upon discovering that this officer was disqualified, see Article 6(c), Code, *supra*, 10 U.S.C. § 806(c); Manual for Courts-Martial, 1969 (Rev.), paragraph 85, the second review was authored by the special court-martial staff judge advocate, who "adopted much of the language and reasoning of the initial review", for the general court-martial staff judge advocate.

The errors assigned by appellate defense counsel are directed to the participation of

these two officers in the accused's trial and review.[1]

Turning to the first assignment, AFM 111-1, para. 3-25, provides that the pretrial confinement hearing will be conducted by the officer exercising special court-martial jurisdiction over the prisoner at the place of confinement personally, or by his staff judge advocate if designated by the convening authority. However, if the staff judge advocate who would normally be designated is disqualified, "the senior eligible judge advocate in his office may, as acting staff judge advocate, conduct the hearing." *Id.* at para. 3-25e(3). Thus, the delegation is passed downward, whereas here the delegation was passed upward to the staff judge advocate of the next higher command.[2]

■ While we find no *legal* basis[3] for requiring that the next ranking judge advocate must, in the absence or disqualification of the staff judge advocate, conduct the hearing, this is the requirement of the Air Force Manual. Thus, failure of the base commander to appoint that officer violates the terms of the Air Force Manual.[4]

At trial, defense counsel conceded that there was no portion of the pretrial confine-ment hearing conducted by the general court-martial staff judge advocate that was "inaccurate or misleading in any way." We, too, find the hearing report to be complete and accurate. Testing for prejudice, we find no error of law which materially prejudices the substantial rights of the accused. Article 59(a), Code, *supra*, 10 U.S.C. § 859(a).

■ Turning now to the question of the impartiality of the review, we are troubled by the involvement of the two officers who participated in the decision to confine and continue the confinement of the accused. This matter is complicated further by the fact that the original review was drafted by the assistant trial counsel who participated in the trial and whose draft was largely adopted by the reviewer. We do not hold that the staff judge advocate, who conducted the pretrial confinement hearing, of necessity is barred from writing the review. Cf. *United States v. Bowie*, 9 M.J. 680 (A.F. C.M.R.1980). However, in the instant case, the issue of the improper selection of the hearing officer was litigated at trial, and the defense counsel in her comments on the

1. At trial, the defense counsel objected to the pretrial confinement hearing having been conducted by the general court-martial staff judge advocate and, on review, objected to the review being written by the special court-martial staff judge advocate and concurred in by the general court-martial staff judge advocate.

2. We cannot determine from the record the degree of participation of the special court-martial staff judge advocate upon which he determined himself to be disqualified. Routine discharge of duties is not disqualifying. However, if his determination is reasonable and has a basis in fact, it will not be overturned by this Court. *United States v. Mickle*, A.C.M. 22514, unpub. (A.F.C.M.R. 15 August 1979).

3. There is no legal reason why any qualified judge advocate, or, for that matter, any field grade officer could not conduct the hearing, cf. Manual, *supra*, paragraph 34, for it is merely an investigative process, an amassing of evidence pertinent to the matter, which concludes with a recommendation. The decision is left to the neutral and detached magistrate—the base commander—who may accept, modify or disregard the recommendation of the investigating officer. So long as the proper and pertinent evidence is collected, and the accused is afford-ed his rights to present evidence and cross-examine any witnesses, the status of the *person* conducting the hearing should not be a jurisdictional matter. Of course, there must be sufficient evidence presented to answer the questions of probable cause to believe that the accused committed the offense(s) for which he is being held, and, that continued pretrial confinement is warranted within the criteria prescribed by the Manual. AFM 111-1, *supra*, at para. 3-25a. Here there is no question that the best qualified officer was selected to conduct the hearing, and we recognize the difficulties encountered by bases with limited judge advocate personnel.

4. We do not believe that this failure to follow a departmental regulation reaches that condemned in *United States v. Russo*, 1 M.J. 134 (C.M.A.1975), since the selection of the particular hearing officer is not a matter designed to protect the "personal liberties or interests" of the accused. Ibid. The entire procedure *is* designed for that purpose. Thus, the hearing officer must be one qualified within the purview of the regulation. Here that requirement is met.

review objected to him writing the review. See *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). Further the reviewer had testified at the Article 39(a), Code, 10 U.S.C. § 839(a), *supra* hearing, albeit as to an uncontroverted and neutral factual matter. Both his testimony and the correctness of his decision disqualifying himself were matters he considered in the review. While the review, examined within its four corners, is adequate, see *United States v. Thompkins*, 5 M.J. 982 (C.M.A.1976), there is a *perception* of partiality which cannot be ignored. *United States v. Bowie, supra*. We therefore hold that a new review and action by another command exercising general court-martial authority is mandated.

The action of the supervisory authority is set aside. A new review and action by another general court-martial authority is ordered.

POWELL and MAHONEY, Judges, concur.