**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Norman Eugene GARDNER,
Defendant-Appellee.**

No. 76–1054.

United States Court of Appeals,
Sixth Circuit.

Argued June 10, 1976.

Decided July 6, 1976.

Ralph B. Guy, Jr., U. S. Atty., Michael P. Millikin, Detroit, Mich., for plaintiff-appellant.

Anthony C. Lutostanski (Court-appointed CJA), Detroit, Mich., for defendant-appellee.

Before WEICK, PECK and McCREE, Circuit Judges.

PER CURIAM.

The government appeals from an order granting a motion to suppress a sawed-off shotgun seized pursuant to a warrant issued by a state court judge. We affirm the district court's order on the ground that the search warrant authorizing the seizure of "all firearms and ammunition" was overbroad.

 Based on the affidavit filed in support of the warrant, probable cause existed, if at all, to search solely for a .38 caliber pistol that was allegedly used in an armed robbery and murder. The Fourth Amendment requires warrants to particularly describe the items to be seized. Warrants may not authorize general searches, nor may they permit police officers to exercise undirected discretion in determining what to seize. *Berger v. New York,* 388 U.S. 41, 58, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967); *United States v. Sanchez,* 509 F.2d 886, 889 (6th Cir. 1975). Accordingly, the district court properly suppressed the gun, since the warrant was defective. Also, since the officer who seized it had no right to be on the premises, he cannot avail himself of the plain view doctrine as urged by the government. *Coolidge v. New Hampshire,* 403 U.S. 443, 466, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

The district court also held that the affidavit did not contain information sufficient to establish the informant's credibility as required by *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). We disagree with this determination because the informant's declaration that he had participated in other armed robberies was against his penal interest, and therefore provided a sufficient basis for crediting his statement that he saw weapons in appellee's apartment. *United States v. Harris,* 403 U.S. 573, 583, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).

In affirming, however, we observe that the district court erred in stating that it would resolve any doubt surrounding the warrant against the government, because the crime under investigation was "obviously a local case." So long as Gardner was indicted for a federal offense, it is irrelevant that the crime came to light during a state investigation. The movant in a suppression hearing has the burden of proof. *Nardone v. United States,* 308 U.S. 338, 341–42, 60 S.Ct. 266, 84 L.Ed. 307 (1939); *United States v. Thompson,* 409 F.2d 113, 117 (6th Cir. 1969). However, since the court was presented solely with a question of law in determining the sufficiency of the affidavit and the legality of the warrant, there were no factual disputes in which the court might have applied an erroneous standard.

AFFIRMED.

WEICK, J., would reverse the order suppressing the evidence. He concurs in this per curiam except with reference to its determination of overbreadth.