899 F.2d 15
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John L. PARSONS, Defendant-Appellant.
 No. 89-3807.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1990.
 
 Before KENNEDY, NATHANIEL R. JONES and ALAN E. NORRIS; Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant John Leroy Parsons appeals the District Court's refusal to suppress several pieces of evidence--consisting of illegal firearms, silencers, and bomb-making material--allegedly seized from his home in violation of his fourth amendment rights. He also claims that he was entitled to a reduction of his base offense level under the Sentencing Guidelines because he possessed the firearms only for recreational use. We AFFIRM the District Court's judgment.
 
 
 2
 Ohio Police Detective John Sears obtained search warrants from a judge of the Franklin County Municipal Court, Franklin County, Ohio, to search the residence and motor vehicles of appellant in connection with the murder of Michael Gustin, who was found shot twice with a .12 gauge shotgun after his house had been fire-bombed. Detectives discovered that a vehicle was seen near Gustin's home at the time of the murder, and that the description of the vehicle and the driver given to police generally matched Parsons' description and the description of a car to which he had access.[1] Detective Sears took this information to the Franklin County judge and obtained warrants to search Parsons' residence, van, and his wife's car. His application for the warrants was supported by an affidavit which stated in relevant part:
 
 
 3
 Through the course of this investigation, it was disclosed to affiant [Detective Sears] that a vehicle was observed in the area of the scene of this homicide, and the description given of the driver matches that of John Parsons. Further, the description of the vehicle seen in the area of the homicide matches that of a vehicle John Parsons has access to, that being a 1984 Oldsmobile, maroon in color, Ohio license no. 758-QMZ. This vehicle registers to Parsons' wife, and was observed sitting in the driveway of Parsons' residence at 6759 Bowerman Street, West, Worthington, Ohio, 43085.
 
 
 4
 Joint App. at 158.
 
 
 5
 Armed with the warrants[2], the Ohio police officials searched appellant's home. After discovering a box containing several types of weapons and explosives, they called the federal Bureau of Alcohol, Tobacco and Firearms (ATF) for assistance.
 
 
 6
 The box contained the following items: a Sten-type homemade machine gun, a Cobray/SWD .45 caliber machine gun, five silencers and silencer parts, an Uzi submachine gun, gun powder, blasting caps, a hand grenade, and a hand grenade primer. Based on these items, appellant was charged in federal court with possession of unregistered firearms in violation of 26 U.S.C. Secs. 5861 and 5871.
 
 
 7
 Appellant first claims that the District Court erred in refusing to suppress the evidence because the warrant authorizing the search of his residence was based on an affidavit which contained knowingly false information. Under Franks v. Delaware, 438 U.S. 154 (1978), a criminal defendant may challenge the validity of a search warrant (and the admissibility of the evidence seized pursuant to it) by showing that the affidavit upon which probable cause is based contained falsehoods or was made in reckless disregard for the truth.
 
 
 8
 Appellant asserts that the judge who issued the warrant understood Sears' affidavit to mean that Sears had a witness who could testify that a maroon Oldsmobile with license number 758-QMZ was at the scene of the crime. The judge testified at the federal hearing that but for that language, he would not have signed the warrant. Appellant argues that Sears knew no such witness existed and his statement was therefore knowingly false.
 
 
 9
 Sears testified at a hearing that his intention in the affidavit was to state that there were witnesses who saw a car in the vicinity of the murder which appeared to match the vehicle to which appellant had access and which bore license number 758-QMZ. He testified that he included the license number to identify exactly which vehicle appellant had access to, not to indicate to the judge that there were witnesses who could testify that a car with that specific license plate was at the scene. Several witnesses described a car generally matching the appearance of appellant's 1984 Oldsmobile. The District Court found that Sears' statement that "the description of the vehicle seen in the area of the homicide matches that of a vehicle John Parsons has access to, that being a 1984 Oldsmobile, maroon in color, Ohio license no. 758-QMZ" was not false. Joint App. at 158. At worst, the judge issuing the warrant misunderstood the import of Sears' statement in interpreting it to mean that he had witnesses who could place appellant's exact vehicle, rather than one resembling it, at the scene. The District Court's finding that appellant failed to show that Sears made a knowingly false statement or a statement in reckless disregard for the truth was not clearly erroneous.[3]
 
 
 10
 Appellant next contends that his fourth amendment rights were violated by the search because the warrant did not list the items to be seized with sufficient specificity. A warrant may not authorize a general, exploratory search, Coolidge v. New Hampshire, 403 U.S. 443 (1971), and the warrant must identify the items sought with enough specificity so that nothing is left to the undirected discretion of the searching officer in determining what things are subject to seizure. Berger v. New York, 388 U.S. 41, 58 (1967); United States v. Gardner, 537 F.2d 861, 862 (6th Cir.1976); United States v. Sanchez, 509 F.2d 886, 889 (6th Cir.1975).
 
 
 11
 The warrant in this case offered an adequate constraint on the searching officers' discretion, even though it did not specifically state that the police were looking for a .12 gauge shotgun. The officers were aware that a shotgun was used in the murder, and the warrant described a search for "weapons used in the offense." In Andresen v. Maryland, 427 U.S. 463 (1976), the Supreme Court upheld a search warrant authorizing a search for evidence in connection with the fraudulent sale of real estate, " 'together with other fruits, instrumentalities and evidence of crime at this [time] unknown.' " Id. at 479 (citation omitted). The Court held that the search was limited to evidence related to fraud involving the specific piece of real estate and was therefore not overbroad. Similarly, the description of "weapons used in the offense" limits the discretion of the officers in this search.
 
 
 12
 Additionally, any lack of particularity in the description of the evidence to be seized was justified by the incipiency of the investigation. This Court has noted that " '[w]here the precise identity of goods cannot be ascertained at the time the warrant is issued, naming only the generic class of items will suffice.' " United States v. Henson, 848 F.2d 1374, 1383 (6th Cir.1988), cert. denied, 109 S.Ct. 784 (1989) (citation omitted). To be valid, a description need only be " 'as specific as the circumstances and the nature of the activity under investigation permit.' " Id. (citation omitted). See also Sovereign News Co. v. United States, 690 F.2d 569 (6th Cir.1982), cert. denied, 464 U.S. 814 (1983) and citations therein. We hold that the warrant authorizing the search described the items to be seized with sufficient particularity.
 
 
 13
 Appellant's next claim is that the District Court erred in relying on the plain view exception when it upheld the seizure of guns allegedly concealed in a closed box. Appellant contends the guns were not in plain view, while the government contends they were. We need not resolve this dispute, however, because--as the District Court pointed out in its opinion--
 
 
 14
 A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. Thus, a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found.
 
 
 15
 United States v. Ross, 456 U.S. 798, 820-21 (1982) (footnote omitted). Even if the guns, silencers, and explosives were concealed as appellant contends, opening the box to search it does not constitute an illegal search since they were authorized to search for chemicals and other weapons that could have reasonably been in the box.
 
 
 16
 Appellant finally argues that the District Court erred in denying him a six point reduction in his base offense level at sentencing under section 2K2.2(b)(3) (1988 ed.) of the Sentencing Guidelines. That section, later modified, then provided that "[i]f the defendant obtained or possessed the firearm solely for sport, recreation or collection, decrease by 6 levels." Appellant claims that the items found in the search of his home--a homemade Sten machine gun, an "improvised" M-10 machine gun, a .45 caliber pistol with no serial numbers or identifying marks, several homemade silencers, and various items associated with bomb construction--were possessed for recreational purposes. He maintains that his hobby is firearms and firearm construction. The District Court ruled, however, that his construction and ownership of the "weapons does not constitute ownership for 'sports, recreation, or collection' purposes." See Sentencing Memorandum at p. 2. We agree that the District Court appropriately denied the reduction. Appellant argues that he is entitled to the six point reduction because there was no demonstrated illegal purpose associated with his firearms possession. However, it is well established in this Circuit that the party asserting a reduction in the offense level bears the burden of proving his entitlement to it. United States v. Rodriguez, No. 89-1527 (6th Cir. Feb. 23, 1990). See also United States v. Kirk, No. 89-3020 (10th Cir. Jan. 22, 1990) (defendant has burden of proof in claiming entitlement to reduction under section 2K2.1(b)(1)). The government does not have the burden of demonstrating an illegal purpose. Rather, appellant must establish a legal purpose to receive the reduction.
 
 
 17
 Appellant argues that his possession of the various unregistered firearms was recreational as evidenced by the fact that the M-10 and Sten machine guns were purchased at a gun show and constructed from kits as models. He also says he purchased the Uzi submachine gun in 1982, before he was statutorily required to register it. The District Court determined that the weapons were not kept for sport, collection, or recreational use, and that determination was not clearly erroneous. Application Note 2 for section 2K2.1(b)(1) provides:
 
 
 18
 2. Under Sec. 2K2.1(b)(1), intended lawful use, as determined by the surrounding circumstances, provides a decrease in the offense level. Relevant circumstances include, among others, the number and type of firearms (sawed-off shotguns, for example, have few legitimate uses) and ammunition, the location and circumstances of possession, the nature of the defendant's criminal history (e.g., whether involving firearms), and the extent to which possession was restricted by local law.
 
 
 19
 The sheer number and kinds of weapons appellant possessed with neither registration nor serial numbers as required by statute indicate that they were kept without legitimate legal purpose. We can think of few, if any, legitimate uses of automatic weapons with silencers. Nor can we think of any legitimate use for the vast amounts of chemicals appellant possessed. Appellant failed to meet his burden of proving by a preponderance of the evidence that he possessed the weapons for recreational use.
 
 
 20
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 [1]
 The vehicle to which Parsons had access was his wife's 1984 Oldsmobile Cutlass Supreme
 
 
 [2]
 The warrants identified the location to be searched and authorized the search:
 (B)--FOR WEAPONS, IMPLEMENTS, TOOLS, INSTRUMENTS, ARTICLES OR PROPERTY USED AS A MEANS OF THE COMMISSION OF A CRIME INCLUDING: Weapons used in the offense, objects (bullets, shell casings, projectiles or other material causing trauma) causing physical injury in the offense, objects or property which may identify or trace the victim or suspect, material or objects containing body fluids or other evidence from the bodies of the victims or suspects, photographs of the scene, sketches of the physical layout of the scene, fingerprints of persons present during the offense, samples of materials the suspect may have carried from the scene on his/her person, material or objects to enable the investigators to trace the victims or suspects to a previous location, personal property or other objects to identify witnesses to assist in the investigation process, bodies of victims, together with other fruits, instrumentalities, and evidence of the crime of Aggravated Murder at this time unknown.
 Joint App. at 154.
 
 
 [3]
 The cases cited by appellant in support of his position, United States v. Cortina, 630 F.2d 1207 (7th Cir.1980) and United States v. Namer, 680 F.2d 1088 (5th Cir.1982), are distinguishable in that they involved affiants who actually misrepresented or materially altered information themselves in their affidavits