UNITED STATES of America, Plaintiff,

v.

Donald MARCUS and Lawrence A. Stanley, Defendants.

No. 91 CR 901 (ERK).

United States District Court, E.D. New York.

Nov. 20, 1992.

Andrew J. Maloney, U.S. Atty., E.D.N.Y. by Ruth Nordenbrook, Asst. U.S. Atty., Robert Flores, Sp. Atty., U.S. Dept. of Justice, Brooklyn, NY, for plaintiff.

Alan Silber, Hayden, Perle & Silber, Weehawken, NJ, for defendants.

## MEMORANDUM AND ORDER

KORMAN, District Judge.

The defendant, Lawrence A. Stanley, moves to suppress statements he made after the execution of an invalid search warrant that authorized the search of the offices of Tommy Boy Records, to which the defendant had directed the delivery of a suitcase that belonged to Donald Marcus. The suitcase, which contained child pornography, had been previously intercepted and all but four pornographic slides had been removed by law enforcement officers. Posing as employees of a commercial delivery service, the officers then made a controlled delivery of the suitcase to the defendant who signed for it and then took it inside.

■ After waiting about twenty minutes, a number of law enforcement officers entered Tommy Boy Records pursuant to a search warrant, the execution of which was conditioned upon the delivery of the suitcase. Such a conditional or anticipatory warrant is valid provided that the issuing magistrate crafts it carefully "to limit the scope of the warrant-authorized search to items which law enforcement officers have probable cause to believe are located on the premises." *United States v. Garcia*, 882 F.2d 699, 704 (2d Cir.1989).

■ The United States magistrate judge here failed to so limit the warrant. Although probable cause to believe that any child pornography would be found on the premises was limited to the four slides in the suitcase, the warrant authorized the search for, and seizure of, "[p]hotographs, magazines, books, videotapes, slides and other depictions of children engaging in sexually explicit conduct; and letters, envelopes, release forms, files, correspondence and notes relating to the distribution and receipt of child pornography through the United States mail and any other common carrier, all of which constitute evidence of violation of Title 18, United States Code, Section 2252."

In a pre-indictment motion commenced in the Southern District of New York pursuant to Fed.R.Crim.P. 41, the defendant was successful in obtaining the return of all of his property that had been seized pursuant to the warrant. In granting the motion, Judge Stanton held that probable cause to search the premises of Tommy Boy Records was so totally lacking that there was no basis for the application of the good faith exception to the exclusionary rule. The United States Attorney for the Southern District of New York did not appeal from the ruling. Subsequently, all of the property, except the suitcase with the four slides that belonged to Mr. Marcus, were returned to the defendant.

■ Subject to certain exceptions not applicable here, the United States is collaterally estopped from relitigating the issue of the validity of the warrant. *Laaman v. United States*, 973 F.2d 107, 112–13 (2d Cir.1992). Indeed, even if the issue could be considered *de novo*, I would reach the same conclusion as Judge Stanton. The

suppression hearing before me, however, was directed to an issue that Judge Stanton did not decide, namely, the admissibility of statements made by the defendant to law enforcement officers after their entry into Tommy Boy Records.

■ The only argument for the admissibility of these statements is that the search warrant was valid to the extent that it authorized entry to search for, and seize, the suitcase and the four slides it contained, although they are not specifically identified in the warrant. Accordingly, the statements obtained from the defendant were the fruit of the lawful entry and not the impermissibly broad search and seizure that followed.

*United States v. George,* 975 F.2d 72 (2d Cir.1992), is instructive in assessing this argument. There, a part of a search warrant was unconstitutionally overbroad. The issue presented was whether, given the fact that the warrant was not entirely overbroad, evidence that was in plain view when the warrant was executed should be suppressed. The Court of Appeals held that not all evidence seized pursuant to a partially overbroad warrant was excludable. "Since the fruits of a search generally are not all suppressed merely because some of the evidence was seized pursuant to the invalid portion of a warrant, it follows the warrant as a whole is not invalid—that is, a redacted warrant may justify a police intrusion, satisfying in this fashion this crucial element of the plain view doctrine." *Id.* at 79. Under such circumstances, evidence plainly observable to law enforcement officers executing the valid part of the warrant is not subject to the exclusionary rule. "We thus hold that a warrant may in appropriate cases be severed, thereby justifying the officers' presence in executing those portions of the warrant sufficiently particularized as to the items seized." *Id.*

What is significant here is the admonition of the Court of Appeals that, while "severance may be appropriate in theory", it is not necessarily appropriate in a particular case:

> The doctrine is not available where no part of the warrant is sufficiently particularized, *see [United States v.] Card-*
> *well,* 680 F.2d [75,] at 78 [ (9th Cir. 1982) ]; cf. *United States v. Gardner,* 537 F.2d 861, 862 (6th Cir.1976) (per curiam), where no portion of the warrant may be meaningfully severed, *see [United ed States v.] Christine,* 687 F.2d [749,] at 754 [ (3rd Cir.1982) ], or where the sufficiently particularized portions make up only an insignificant or tangential part of the warrant. *See [United States v.] Spilotro,* 800 F.2d [959,] at 967–68 [ (9th Cir.1986) ]; *[United States v.] Freeman,* 685 F.2d [942,] at 952 [ (5th Cir.1982) ].

*Id.* 975 F.2d at 79–80.

A similar caveat was adopted by the Court of Appeals for the Fifth Circuit in *United States v. Freeman,* 685 F.2d 942 (5th Cir.1982), which was cited with approval in the portion of *United States v. George* quoted above. The Court of Appeals there observed that:

> Of course, severability is not always possible, and should be granted only where the circumstances of the case reveal that legitimate fourth amendment interests will not be jeopardized. But this case does not present a situation where, for example, the warrant is generally invalid but as to some tangential item meets the requirements of probable cause, nor is there any claim made here that the valid parts of the warrant were "included by the Government as a pretext to support an otherwise unlawful search and seizure." *[United States v.] Cook, supra,* 657 F.2d [730,] at 735 n. 6 [ (5th Cir. 1981) ]. *See also Aday v. [Superior Court of Alameda County], supra,* [55 Cal.2d 789,] 13 Cal.Rptr. [415,] at 420, 362 P.2d [47,] at 52 [ (Cal.1961) ]. We agree with *Aday* that a use of severance to work "an abuse of the warrant procedure, of course, could not be tolerated." Id. But the facts of the present case do not reveal any such problems.

*Freeman* 685 F.2d at 952.

In this case, the object of the entry into Tommy Boy Records was to search for the broad array of materials set out in the warrant and to search for Mr. Marcus, October 28 Hearing Record at 38, even though it is plain that probable cause to

search for either the material or Mr. Marcus was lacking. While there was probable cause to believe that four pornographic slides that were in the suitcase delivered to the defendant would be found, these four slides were not specifically described in the warrant. Even if they may be deemed to be included within the general description of materials set out in the warrant, it is clear that they "make up only an insignificant or tangential part of the warrant," *United States v. George*, 975 F.2d at 80, and that they were "included by the Government as a pretext to support an otherwise unlawful seizure." *United States v. Cook*, 657 F.2d 730, 735 n. 6. Under such circumstances, *United States v. George* teaches that the entire warrant must be treated as invalid and that any statements obtained are a fruit of the illegal entry. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

 Nor is this a case in which the doctrine of attenuation should be applied to allow the admission of the defendant's statements. *See United States v. Oguns*, 921 F.2d 442, 447–48 (2d Cir.1990); *United States v. Lewis*, 760 F.Supp. 997, 1002–1003 (E.D.N.Y.1990). "The illegality here ... had a quality of purposefulness." *Brown v. Illinois*, 422 U.S. 590, 605, 95 S.Ct. 2254, 2262, 45 L.Ed.2d 416 (1975); *Oguns*, 921 F.2d at 448. The controlled delivery was effected primarily to provide a pretext for a patently invalid search warrant and the illegal search and seizure that followed. Moreover, it is equally clear that one of the purposes of the entry was to interrogate the defendant and Mr. Marcus (if he were found on the premises). Indeed, the defendant was questioned in one room while the search was being conducted elsewhere in the offices of Tommy Boy Records. Moreover, he was not given his *Miranda* warnings prior to the interrogation to which he was subjected, a factor that might be relevant here on the issue of attenuation. *See Oguns*, 921 F.2d at 447. On the contrary, although the defendant does not move to suppress his statements on this ground, the manner in which the officers executing the warrant exercised control over the premises raises a serious issue whether the defendant was subject to custodial interrogation

in violation of the holding in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *See United States v. Griffin*, 922 F.2d 1343, 1355 n. 15 (8th Cir.1990).

The foregoing circumstances suggest that the defendant's statements do not fall within any exception to the exclusionary rule. Accordingly, I grant the defendant's motion to suppress the statements he made to the law enforcement officers who entered Tommy Boy Records to execute the invalid search warrant.

SO ORDERED.